John Borrowscale & another *vs.* Royal Bosworth & another

If a judge of the superior court takes a bill of exceptions substantially agreed on by the parties and duly filed, to examine whether the statement of his rulings is correct, with the understanding that if correct he is to allow the bill, and retains it, without allowing or disallowing it, for more than a year and until after his resignation from office, the superior court has authority to refuse judgment upon the verdict and grant a new trial, notwithstanding the omission of the excepting party to prove his exceptions in this court on petition under the Gen. Sts. *c.* 115, § 11.

Contract for the price of a cargo of coal. In the superior court, *Ames*, C. J., allowed a bill of exceptions substantially as follows :

" At the trial before *Allen*, C. J., at October term 1865, a verdict was rendered for the plaintiffs on October 27 ; and a bill of exceptions was duly filed and tendered the next day to the presiding judge for allowance. In the course of the term, the counsel of the respective parties appeared before the judge to be heard on the subject of the exceptions ; and, there being no material disagreement between the counsel, the result was that the judge took the bill into his own hands, in order more particularly to examine it and make any corrections as to his rulings which he should find that the truth of the case required. It was the expectation of both parties that he would return the bill to the files in season for entry and prosecution in the supreme judicial court at its next law term ; but it was not so returned, and neither party succeeded in getting any reply to letters to the judge concerning it.

" The case stood continued from term to term, the docket entry being ' Proposed exceptions in the hands of the court,' until January term 1867 ; when, on January 26, the plaintiffs filed and argued a motion for judgment on the verdict, and the decision of the court thereon was reserved.

" On February 28, 1867, the defendants filed, and subsequently argued, a motion for a new trial, setting forth, as reasons therefor, that ' exceptions having been duly alleged and taken at the trial to sundry rulings and instructions of the presiding judge, and reduced to writing and filed with the clerk, notified to the

plaintiffs and presented to the court for allowance, the presiding judge did not either allow or disallow the same, as prescribed by law, nor adjudge the same to be immaterial, frivolous or intended for delay, or otherwise act upon the same in any way, but has hitherto omitted and still omits to take any action thereon, so far as the defendants are informed; and, by reason of the delay of said judge in acting upon said exceptions in any way and his omission to return them to the files of the court as prescribed by law, the defendants have lost the benefit of such exceptions in this court, and have also been deprived of the means of proving the existence and truth of such exceptions by application to the supreme judicial court for that purpose, had such course been considered proper, and can now avail thereof only by this motion; and because these defendants believe that the rulings so excepted to were erroneous and material, and that the verdict was wrong in consequence thereof.'

" The case stood for further hearing until October term 1867, when final hearing was had, the original bill of exceptions having been found meanwhile, since the resignation of said *Allen*, C. J.

" At the final hearing upon said motions, it appeared that the defendants had not entered their exceptions, nor any petition for leave to prove them; and the plaintiffs insisted that under these circumstances the court had not the power to set aside the verdict. But the court, being of the opinion that the exceptions tendered were not frivolous, and that the defendants had lost the opportunity to prosecute them, by accident and misadventure, and not by their own fault, overruled the motion for judgment on the verdict, and ordered that the verdict be set aside and a new trial had; to which rulings the plaintiffs alleged exceptions."

*J. M. Keith*, for the plaintiffs.

*F. A. Brooks*, for the defendants.

HOAR, J. It is very questionable, as a matter of practice, whether these exceptions have any place in this court. The superior court has ordered a new trial in the case, which is still pending in that court. It does not therefore appear that any

such disposition of the case has yet been made, or ever will be made, as to render the exceptions material. The statute provides that "the trial of questions of fact shall not be prevented or delayed by the filing or allowance of exceptions, but the court shall proceed to the determination of such questions as if exceptions had not been taken." Gen. Sts. *c.* 115, § 9.

Without, however, disposing of the case on that ground, this court are of opinion that the exceptions cannot be maintained. The superior court has the power given it by statute, " at any time before judgment in a civil action, to set aside the verdict and order a new trial, for any cause for which a new trial may by law be granted." The causes for which a new trial may by law be granted are not defined, and it is not easy to give an exact and complete definition. It was said by Chief Justice Shaw, in giving the opinion of the court in *Cutler* v. *Rice*, 14 Pick. 494, that " we know no limit to the power of the court so to interpose" (to prevent the injurious consequences proceeding from accident and misfortune) "where the plain and manifest dictates of justice require it; taking care that it shall never be so exercised as to encourage or shield negligence or fraudulent contrivance in the conduct of trials." The ground of the motion for a new trial in that case was, surprise and perturbation on the part of the defendant's counsel, from sudden and dangerous sickness, occurring in his family, and coming to his knowledge during the trial; and it was held good ground for granting a new trial. Where it appears to the court that a party has been deprived, without his fault, of a right or remedy which the law gives him, it would generally be held a legal reason for granting a new trial.

The motion for a new trial which has been granted by the superior court set forth in effect two grounds on which it was offered. The first was, that there had been an erroneous ruling of the judge who presided at the trial in matter of law. As a substantive ground of the motion, this could not be supported, because, under the thirty-second rule of that court, the motion was not seasonably made. And it was probably only intended as incidental to the other reason given, and to show that the

defendants had sustained a real injury by reason of the other facts and occurrences upon which they asked for a new trial. Those facts were quite peculiar.

It appears that exceptions were seasonably taken and presented to the judge who presided at the trial, on the 28th of October 1865. The docket entry, which we must presume was made by the authority of the court, was " Proposed exceptions in the hands of the court." It was the duty of the judge to restore the exceptions to the files of the court, with a certificate under his hand allowing or disallowing the same, within five days, unless he found that a further time was necessary for the examination or hearing upon the same, not exceeding ten days, unless for reasons rendering more delay necessary, which shall be certified by the judge on restoring the papers. Gen. Sts. *c.* 115, § 8. The parties had substantially agreed on the exceptions, and it was fully understood that they were to be allowed ; the judge taking them only for the purpose of seeing if the statement of his rulings required any corrections. They were never returned, and no answer was returned to any application to the judge, until more than a year afterward, and after he had resigned his office.

We can have no doubt that where a party has regularly taken exceptions in a cause, and has lost the benefit of them without fault of his own, a new trial may be granted. He has a right by law to the judgment of the higher court upon the decision by which he feels himself to be aggrieved ; and a new trial may be his only remedy. The English practice has been in conformity with this view. In *Nind* v. *Arthur,* 7 Dowl. & Lowndes, 252, upon the death of Mr. Justice Coltman before allowing a bill of exceptions which had been presented to him, a new trial was granted. In *Bennett* v. *Peninsular & Oriental Steamship Co.* 16 C. B. 29, the settling of a bill of exceptions had been delayed by the appointment of Chief Justice Wilde as Lord Chancellor, and afterward by reason of his infirm health all hope of it having been lost, a new trial was granted. In another case the death of Chief Justice Tindal prevented the sealing of a bill of exceptions, without laches of the excepting party ; and it

was decided to be a good ground for a motion for a new trial, notwithstanding the lapse of the time allowed for such a motion by the practice of the court. *Newton* v. *Boodle*, 3 C. B. 795.

The objection to granting a new trial in the case at bar is chiefly pressed by the plaintiffs' counsel upon the ground that the defendants might have proved their exceptions in this court under the provision in the Gen. Sts. *c.* 115, § 11, that "if the justice disallows or fails to sign or return the exceptions, or alters any statement therein, and either party is aggrieved, the truth of the exceptions presented may be established before the supreme judicial court upon petition setting forth the grievance;" and that by the thirty-second rule of this court such a petition must be filed "at the term of the court at which the exceptions would by law have been entered, if duly signed and allowed."

It is not easy to apply this rule to the case of a mere failure of the judge to sign and return the exceptions, when we consider that the time for which he may retain them for examination is unlimited, if he finds delay necessary. He is required by the statute to certify his reasons only when he restores the papers to the files. At what term, then, "would the exceptions by law have been entered," if the judge found a delay beyond fifteen days necessary to examine them, and by reason of his sickness, death, or removal from office, the papers are never returned? The rule does not seem to contemplate any such case. And, while the purpose of the statute and the rule was undoubtedly to furnish to the excepting party the means of making his exceptions available in case of error or mistake of the judge to whom they were tendered, we do not think they are to be so applied as to deprive the party of the other remedy of a new trial, to be granted at the discretion of the court where the trial was had, if justice seems to them to require it, and the prosecution of the exceptions had become impracticable, or for any reason might not fully protect the rights in controversy. To say that the defendants had full means of proving their exceptions in this court, would be to determine a question of fact upon which the superior court may nave passed, and upon which their decision would be final. The power to grant new trials, in order to pro-

mote the ends of justice, and to save parties from the consequences of accident and misfortune, is a beneficent power, not to be too strictly limited. We think the defendants had just reason, and perhaps were bound, to suppose that the judge who had taken the exceptions for the purpose of revising, but with the intention of allowing them, by reason of illness or accident had found a delay in returning them necessary, and that he would so certify. Under such circumstances, it would hardly have been decent or becoming to proceed with the cumbrous and inconvenient remedy of proving them in this court. Certainly we cannot regard them as negligent or blameworthy for not adopting that course.

In the judgment of all of us, the superior court had the authority, in their discretion, to grant a new trial, under the circumstances which were in proof before them ; and no exception lies to their order in the premises.      *Exceptions overruled.*