## GERMAN INS. CO. v. TOWN OF MANNING, IOWA.

(Circuit Court, S. D. Iowa, C. D.   March 28, 1900.)

NEW TRIAL—GROUNDS—INABILITY TO PROCURE BILL OF EXCEPTIONS.

A bill of exceptions can be signed only by the judge who tried the case, and, where the defeated party is prevented, without his own fault, from procuring such signature,—as by the illness of the judge before the expiration of the time allowed for filing the bill, and his subsequent death, —the remedy is by a motion for a new trial, which may be entertained in such case, although filed out of time.

On Motion for New Trial.

Berryhill & Henry, for plaintiff.
B. I. Salinger, for defendant.

SHIRAS, District Judge.   This action is based upon certain bonds issued by the defendant, the town of Manning.   The case was tried before Judge Woolson, a jury trial being waived, and on the 8th day of August, 1899, judgment in favor of the defendant was entered, it being provided in the judgment entry signed by the judge that the plaintiff be given 90 days within which to have signed a bill of exceptions in the case.   Subsequently some correspondence was had between counsel for the litigants with respect to extending the time for signing the bill of exceptions, as is evidenced by the following copy of a letter addressed to the attorney for the defendant by one of the counsel for plaintiff:

"Des Moines, Iowa, October 23, 1899.

"Mr. B. I. Salinger, Carroll, Iowa—Dear Sir: Replying to yours dated the 23rd instant, I find that judgment entry was made August 8, and 90 days given within which to file the bill of exceptions. This time will expire before election, but I have no objections to its being extended if you wish; but, if you wish such extension, please apply for it at once, so that there may be no question in the matter.

"Yours, truly,                                                 George F. Henry."

Before the expiration of the 90 days within which the bill of exceptions could have been signed, Judge Woolson was wholly incapacitated by illness from attending to business in any form, and such condition continued until his death, in the early days of December.   On January 13th an application for a new trial was filed, based upon the fact that the illness and death of Judge Woolson had prevented plaintiff from obtaining a bill of exceptions, and therefore plaintiff was without remedy unless a new trial should be granted.

It is settled by the ruling of the supreme court in Malony v. Adsit, 20 Sup. Ct. 115, Adv. S. U. S. 115, 44 L. Ed. ——, that a bill of exceptions can be signed only by the judge who actually tried the case, and that the signature of the trial judge cannot be waived by counsel consenting that the bill as presented is correct.   The opinion in that case clearly recognizes the rule that in cases wherein a defeated party is deprived of the opportunity to secure a bill of exceptions without fault upon his part the remedy lies in granting him a new trial.   The authorities quoted by the supreme court also

show that under such circumstances the motion for new trial may be entertained, although not filed until after the lapse of a year or more from the date of the judgment; the cases cited being Borrowscale v. Bosworth, 98 Mass. 34; Nind v. Arther, 7 Dowl. & L. 252; Benett v. Steamboat Co., 16 C. B. 29; Newton v. Boodle, 3 C. B. 796. As the illness and death of Judge Woolson have prevented the plaintiff, without fault on its part, from perfecting a writ of error to the circuit court of appeals, to which end a bill of exceptions is a necessary means, good ground is shown, under the rule recognized by the supreme court, for entertaining and granting the application for a new trial. New trial ordered. Defendant excepts.