# ALASKA REPORTS.

## VOLUME 2.

### WOODS v. BEATON.

(Second Division.   Nome.   January 15, 1903.)

No. 50.

1. EXCEPTIONS, BILL OF—SIGNATURE—NEW JUDGE.

Where the trial judge to whom a bill of exceptions was presented left the bench without signing it, and the application for a new trial is presented to his successor, *held*, that no bill of exceptions can be deemed sufficiently authenticated unless signed by the judge who sat at the trial, or by the presiding judge if more than one sat.

[Ed. Note.—For cases in point, see vol. 21, Cent. Dig. Exceptions, Bill of, §§ 95, 96.]

2. SAME—NEW TRIAL.

The failure or omission of the judge who tried the case to sign a bill of exceptions cannot be supplied by agreement of the parties, but the only remedy is to be found in a motion for a new trial.   See section 953, Rev. St., as amended by act of June 5, 1900, 31 Stat. 270; c. 717, 2 Supp. Rev. St. 1892–1901, p. 1190 [U. S. Comp. St. 1901, p. 696].

[Ed. Note.—For cases in point, see vol. 21, Cent. Dig. Exceptions, Bill of, §§ 77½, 95, 96; vol. 37, Cent. Dig. New Trial, § 189.]

The motion for a new trial in this case was made on November 5, 1901, before Judge Wickersham, and was by him

2 A.R.—1

heard upon all the records, papers, proceedings, and files in the case and the affidavit of C. S. Hannum, Esq.

On December 14, 1901, Judge Wickersham filed an opinion (1 Alaska, 344), wherein he left the case undetermined, for the reason that Judge Noyes was then still in office, and possibly might return to Nome during the time limited for perfecting the appeal to the Circuit Court of Appeals. In this opinion Judge Wickersham signified that the motion could be renewed upon failure of Judge Noyes to return and pass upon the bill of exceptions.

The time for completing the appeal having expired, the motion for a new trial is now renewed. The record shows that on May 15, 1901, the judgment was entered, and consequently the time for appealing expired May 15, 1902; that on June 10, 1901, the plaintiff's proposed bill of exceptions was filed; that on June 14, 1901, the time within which to settle the bill of exceptions was extended five days therefrom; that on June 17, 1901, the court, then in session at St. Michael, adjourned the May term of court then running. The record also shows that on July 17, 1901, the defendants filed their objections to the bill of exceptions, thus raising an issue of fact thereon as to what the bill should contain. The time for settling the bill of exceptions was thus carried beyond the May into the following term.

R. B. Milroy, Esq., in his affidavit filed by leave of court in support of the motion for a new trial as renewed, avers that Judge Noyes before going to St. Michael to hold the May term of court at that place refused to make any further orders extending the time for settling the bill of exceptions, but promised that he would order a stay of execution, and that he would preserve the record as to the bill of exceptions by nunc pro tunc orders, and that Judge Noyes refused to consider the bill of exceptions until at a later date he should find time to give it proper attention.

Ira D. Orton and R. B. Milroy, for plaintiff.
John L. McGinn, for defendant.

MOORE, District Judge. Upon this state of facts the court retained its jurisdiction of the judgment by its last order of extension of time, made June 14, 1901, the extension reaching into the next term. Henrichsen v. Smith (Or.) 44 Pac. 496. It appears from the records and affidavits of Milroy and Hannum that the failure to have the bill of exceptions duly settled was in the first instance due to Judge Noyes' refusal to consider the bill from lack of time so to do, and afterwards to his failure to return to Nome. That it was not in the power of Judge Wickersham, his successor, to settle the bill of exceptions, has been abundantly established by the highest courts of the United States and of Oregon.

In the case of Malony v. Adsit, 175 U. S. 284, 20 Sup. Ct. 115, 44 L. Ed. 163, carried from the District Court of Alaska to the Supreme Court of the United States, Judge Delaney in the lower court tried the case, but relinquished his office without signing the bill, and his successor signed the bill. Judge Shiras, for the Supreme Court, said that, "No bill of exceptions can be deemed sufficiently authenticated unless signed by the judge who sat at the trial, or by the presiding judge if more than one sat." In the course of the same opinion the court cites Mussina v. Cavazos, 6 Wall. 355–363, 18 L. Ed. 810, Borrowscale v. Bosworth, 98 Mass. 34, and several English cases, as authority for the proposition therein decided that "the failure or omission of the judge who tried the case to sign a bill of exceptions could not be supplied by agreement of the parties, but that the only remedy was to be found in a motion for a new trial."

To the same purport is the decision of the Supreme Court of Oregon in Henrichsen v. Smith, 44 Pac. 496. See, also, 3 Pleading & Practice, 488, wherein are cited many other cases. The court therefore deems itself fully warranted in granting to the plaintiff the remedy the law plainly gives. her, and will vacate the judgment and award a new trial.