Merrimack, }
Jan. 3, 1911. }

### BATES STREET SHIRT CO. *v.* PLACE.

ASSUMPSIT, for goods sold and delivered.   Trial by the court (*Stone,* J.) and verdict for the plaintiff.   The defendant excepted to the denial of his motion for a nonsuit.   After the decease of the justice who presided at the trial, the case was transferred from the April term, 1910, of the superior court by *Wallace,* C. J., on a statement of facts prepared by counsel in the case.

*Dudley & Lowe* (*Mr. Lowe* orally), for the plaintiff.

*Remick & Hollis* (*Alexander Murchie* orally), for the defendant.

PEASLEE, J.   The controversy concerns the acceptance of a quantity of shirts ordered by the defendant from the plaintiff's

agent. It is admitted that the defendant sold nineteen of the shirts and is liable therefor. From this it follows that there was no error in denying the motion for a nonsuit.

But the case has been argued upon both sides on the theory that it presented some question touching the verdict as to the balance of the goods. If an exception was taken which raises such an issue, it does not appear in the record as made up by counsel. If it did so appear, it would then be necessary, if the issue was on a nonsuit as to these items, to report the substance of the evidence. The statement of such facts as counsel have been able to agree upon does not bring before this court the evidence upon which the verdict was found.

It is stated in the transferred case that the sickness of Judge *Stone* prevented his drawing a case. If this means that it was understood that .findings of fact and rulings thereon were to be filed (P. S., c. 204, s. 10), the defendant may be entitled to a new trial on the ground of accident or misfortune. Whether he should be granted such relief for these or other reasons, whether his exceptions should be restated without a new trial, and whether the transcript of the evidence should now be procured (if procurable), are matters to be determined in the superior court. Upon the case as it stands, the plaintiff is entitled to judgment on the verdict; but as it seems probable that justice may require further proceedings in the superior court, the order is

*Case discharged.*

All concurred.