## JOHN BARR v. THE STATE.

### No. 1179. Decided April 12, 1911.

**1.—Local Option—Right of Appeal in Felony Case—Sentence.**

Under article 885, Code of Criminal Procedure, the defendant in a felony case is allowed to appeal after sentence has been pronounced, which has the effect to supersede the execution of the sentence.

**2.—Same—Notice of Appeal—Right of Appeal—Case Stated.**

Where a defendant, who was convicted of a felony, gave notice of appeal during the term at which he had been convicted but after he was sentenced, he could not be legally conveyed to the penitentiary and the Court of Criminal Appeals had jurisdiction of his case; and where he was so conveyed to the penitentiary the cause is reversed and remanded and appellant ordered into the custody of the sheriff.

**3.—Same—Statement of Fact.**

Where defendant was convicted of a felony and duly sentenced by the court, but thereafter during the term gave notice of appeal, and caused to be prepared a statement of facts and submitted the same to the trial judge and district attorney in due time who refused to sign the same or to make up and file a statement of facts, there was reversible error.

Appeal from the District Court of Trinity. Tried below before the Hon. S. W. Dean.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—The appellant in this case was indicted by the grand jury in Trinity County for violating the local option law in three cases. He agreed with the district attorney to enter a plea of guilty, conditioned that the district attorney would dismiss one of the cases. The district attorney complied with this agreement, and dismissed one of the cases, and the defendant entered a plea of guilty in this case. The jury assessed his punishment at one year in the penitentiary, and upon his request he was sentenced the same day. Three days thereafter his relatives employed an attorney to represent him, and they filed a motion for a new trial, praying that the judgment be set aside on the grounds set up in said motion. The court declined to entertain the motion on the ground that it was filed more than two days after the entry of the final judgment, and from this order the defendant gave notice of appeal which was duly entered of record, the trial judge saying:

"I make this statement at the request of counsel, as a basis for my action on the motion for a new trial filed herein. 1st. On the morning of February 3, 1911, I was informed that John Barr, who had been in jail for some time, desired to plead guilty in two of the cases pending against him, and had made an agreement with the district attorney that this should settle all cases pending against him, both those pending in the District Court as well as those being investigated by the grand jury for violation of the local option law in Trinity County. 2d. I sent for the defendant, questioned him about it, and he told me that he desired to plead guilty. I asked him why he desired to plead guilty and he said he had been in jail for some time, had been unable to make bond, and that he wanted to plead guilty because he was guilty. I warned him in each case separately as to the consequences of such plea that it would be the duty of the jury to convict him and give him not less than one nor more than three years in the penitentiary in each case; asked him if anybody had used any persuasion to induce him to plead guilty, and he said they had not. I asked him if anybody had said anything to him about getting him a pardon if he pleaded guilty, and he said they had not. I asked him if there was any particular reasons why he wanted to plead guilty, and he said there was none—that he wanted to go on and serve his time out and get through with it. The jury empaneled, agreed to by both sides sworn to try the case, and by agreement of State and defendant, after the indictment was read and the plea of guilty was entered, the examining trial testimony, and the written confession of the defendant introduced to prove the corpus delicti. The district attor-

ney then requested the jury to give the defendant the lowest term, which was one year, and both State and defendant said that the agreement was that he should take two years, and that they had agreed that it should be for one year in each of the two cases, rather than for two years in one case. The jury rendered the verdict, finding the defendant guilty upon his plea of guilty, and assessing his punishment at one year in the penitentiary. The same proceedings were had in the second case, as in the first, and charges prepared and filed and given in each case.

"3d. The defendant showed every indication of being sane, and after the verdicts were both returned, he requested me to pass sentence in order that the time might begin to run. He waived his two days time in which to file his motion for new trial, and as requested by him, I passed sentence on him in each case. 4th. There were no witnesses sworn in either case and no evidence introduced except the examining trial evidence, and this was not read to the jury, but was introduced in evidence, and the purport of the testimony stated by the district attorney to the jury when he requested them to render their verdict assessing the penalty at only one year in the State penitentiary.

"5th. Pursuant to the agreement made between the defendant and the district attorney, I instructed the district attorney to request the grand jury to investigate no more offenses against this person for violating the local option law, and the offenses pending against him were dismissed on motion of the district attorney.

"6th. On Sunday, Mr. W. E. Donly came in and stated that he had been employed by a brother-in-law of the defendant to represent the defendant, and I told him what had been done and told him that the judgments were rendered on Thursday preceding, it being my recollection at the time that day was correct, and I didn't examine the records and neither did Mr. Donly, and it was Monday morning after Mr. Donly had gone that I discovered that I was mistaken in the date and that the judgments were rendered on Friday, February 3d."

It appears from the record that the following order was entered on the motion for a new trial in this case:

"On this day came on to be heard the motion of the defendant for a new trial herein, and it appearing to the court that said motion was filed herein after the defendant had waived his time in which to file his motion for a new trial, and at the request of the defendant he had received and accepted his sentence herein, and that the motion was filed more than two days after the final judgment herein, and after the defendant had waived his time and accepted sentence—it is the opinion of the court that this court is without jurisdiction to further consider said motion, and that the defendant is now subject to the jurisdiction of the penitentiary authorities, and that this court can not make further orders herein—the defendant having failed to file his motion for a new trial, and failed to give his notice of appeal, and

there being no application for writ of habeas corpus treating the judgment as void on its face, and it appearing to the court that said judgment herein rendered is regular on its face, and that the offense with which the defendant is charged is a felony in this county, and the court has jurisdiction to try said offense, and the defendant having pleaded guilty to the charge, and the State having introduced testimony supporting said charge, and no pretense having been made in said motion that the defendant had any defense in said charge, the court declines to entertain said motion, but for the purpose of giving the defendant the right to give notice of appeal overrules same, to which action of the court the defendant in open court excepted and gave notice of appeal to the Court of Criminal Appeals of Texas, and the defendant then and there requested the court to set his appeal bond that he might make bond in terms of law, but the court being of the opinion that the appeal comes too late, the defendant had accepted his sentence, and was not subject only to the authorities of Texas State penitentiary, declines to set said bond or to direct the officer of this court to accept any bond for said defendant."

The learned trial judge appears, from this record, to have ignored article 885 of the Code of Criminal Procedure, which reads as follows: "Art. 885. Where the defendant in a felony case fails to appeal until after sentence has been pronounced, the appeal shall, nevertheless, be allowed, if demanded, and has the effect of superseding the execution of the sentence and all other proceedings as fully as if taken at the proper time."

This article of the Code gives to the defendant a right of appeal at any time during the term at which he was convicted, and the defendant, having given notice of appeal, after sentence, this court had jurisdiction.

From the record it appears that within the time allowed by law the defendant made up a statement of facts, and submitted it to the trial judge and the district attorney, with the request that in case they could not agree to the statement proposed by the defendant that the judge trying the cause make up and file a statement of facts.  The trial judge certified he did neither, but in regard to the matter he took the following action: "Your letter with statement of facts in the Barr case was received last week, but in the absence of the district attorney I held up action until today, when I submitted same to him, and he declines to act one way or the other, for the reason that there is no appeal pending.  This being my view of the matter also, that an appeal does not lie in this case, for the reasons stated to you heretofore, I will not make up nor sign a statement of facts, but return herewith the papers you sent me.

"That the Court of Criminal Appeals may get a proper view of the matter, in case you should ask for a writ of mandamus, I state here now that I decline to make up a statement of facts, because your client pleaded guilty to the offense with which he was charged, the State

introduced its testimony and the case was given to the jury and verdict returned assessing the penalty in each case at one year's confinement in the State penitentiary, and your client then specially waived his two days in which to file his motion for a new trial, and specially requested me to pass sentence when the verdict was returned, which I did, and under my view of the law and the facts in the case he is now serving his term in the penitentiary, and the District Court is without jurisdiction to make any order, and no appeal lies."

It has been invariably held by this court that when the defendant has been deprived of a statement of facts through no fault or neglect of his own, a new trial will be granted. It being made to appear from this record that the defendant gave notice of appeal during the term at which he was convicted; that he made up and forwarded to the judge and the district attorney a statement of facts within time allowed by law, and that through no fault or negligence of his own he is deprived of a statement of facts on appeal, this cause is reversed and remanded. Trammell v. State, 1 Texas Crim. App., 121; Ruston v. State, 15 Texas Crim. App., 336; Johnson v. State, 16 Texas Crim. App., 372; Henderson v. State, 20 Texas Crim. App., 304; Bryans v. State, 29 Texas Crim. App., 247. And it appearing to the court that while said appeal is pending that defendant has been conveyed to the penitentiary and is there confined, it is ordered that he be released by the authorities at the penitentiary and turned over to the sheriff of Trinity County, who will keep him in the jail until the next term of court, unless he should give bond in such sum as may be fixed by the duly constituted authorities. Reversed and remanded.

*Reversed and remanded.*