ment of facts within time allowed by law, and that through no fault or negligence of his own he is deprived of a statement of facts on appeal, this cause is reversed and remanded. Trammell v. State, 1 Tex. App. 121; Ruston v. State, 15 Tex. App. 336; Johnson v. State, 16 Tex. App. 372; Henderson v. State, 20 Tex. App. 304; Bryans v. State, 29 Tex. App. 247, 15 S. W. 288. And it appearing to the court that, while said appeal is pending, defendant has been conveyed to the penitentiary, and is there confined, it is ordered that he be released by the authorities at the penitentiary, and turned over to the sheriff of Trinity county, who will keep him in the jail until the next term of court, unless he should give bond in such sum as may be fixed by the duly constituted authorities.

Reversed and remanded.

---

BARR v. STATE.

(Court of Criminal Appeals of Texas. April 12, 1911.)

Appeal from District Court, Trinity County; S. W. Dean, Judge.

John Barr was convicted of violating the local option law, and he appeals. Reversed and remanded.

W. E. Donley and Crow & Phillips, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. The questions in this case are the same as in cause No. 1,179, John Barr v. State, 136 S. W. 454, this day decided, On the authority of that opinion, the judgment herein is reversed, and the cause remanded.

---

Ex parte BARR.

(Court of Criminal Appeals of Texas. April 12, 1911.)

CRIMINAL LAW (§ 1084*)—APPEAL—CUSTODY.

Accused being entitled to enter notice of appeal during the term at which he was convicted, it was improper to remove him to the penitentiary, where his motion for new trial had been overruled and the notice of appeal was entered.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2731, 2732, 2735; Dec Dig. § 1084.*]

Application by John Barr for a writ of habeas corpus. Applicant remanded to certain custody.

N. H. Phillips, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Applicant was convicted, and under plea of guilty sentenced to the penitentiary. Subsequently he moved for a new trial, which was overruled. He gave notice of appeal, which was duly entered. He was then forwarded to the penitentiary, where he is now incarcerated. The appeal in that case is now before this court for decision. 136 S. W. 454.

The convicted party has the right to enter notice of appeal during the term at which he is convicted. Of this he cannot be deprived if he desires to appeal, though he has been previously sentenced. The incarceration of applicant in the penitentiary under above facts is in violation of law. The penitentiary officials will return applicant to the sheriff of Trinity county, to await disposition of his appeal in the cases in which he was convicted, now pending in this court.

---

Ex parte BARR.

(Court of Criminal Appeals of Texas. April 12, 1911.)

Application by John Barr for a writ of habeas corpus. Applicant remanded to certain custody.

N. H. Phillips, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. On this day in the appeals of the applicant the cases are reversed, and therein the penitentiary authorities are directed to deliver the applicant to the sheriff of Trinity county, and the same order is made in this as in the other habeas corpus and appealed cases; that is, that he be remanded to the custody of the sheriff of Trinity county to take whatever action is necessary in the cases reversed.