(April 1, 1919.)

STATE, Respondent, v. HENRY RICKS and EDWARD LEVINE, Appellants.

[180 Pac. 257.]

APPEAL AND ERROR—NEW TRIAL.

Appellants were convicted of crime in the district court, and thereafter took the usual proceedings to have their case heard in this court on appeal, but the court reporter died without preparing a transcript of the testimony adduced at the trial. It is shown that a transcript of the testimony cannot be obtained. They have filed a motion in this court for an order to set aside the judgment of conviction and grant them a new trial on the ground that they cannot be heard on appeal from the judgment rendered. *Held,* that the court has no power to grant the motion, in the exercise of either its appellate or original jurisdiction as conferred by the Const., art. 5, sec. 9.

APPEAL from the District Court of the Ninth Judicial District, for Madison County. Hon. James G. Gwinn, Judge.

From a judgment of conviction of crime, defendants appeal. Motion in the supreme court for new trial. *Denied.*

B. H. Miller, for Appellants.

"The right of appeal in a criminal case is absolute, and in no wise dependent upon the innocence or guilt of the defendant."

"Both the constitution and statute guarantee to him the right of appeal from any judgment of conviction rendered and entered against him." (*In re Neil,* 12 Ida. 749, 87 Pac. 881.)

"A new trial will be granted where a party fails to obtain a bill of exceptions without laches on his part and through inability of the court reporter to transcribe his notes." (*State v. Powers,* 10 N. C. (3 Hawks) 376; *Zweibel v. Caldwell,* 72 Neb. 47, 99 N. W. 843, 102 N. W. 84; *People v. Judge of Superior Court,* 41 Mich. 726, 49 N. W. 925; *Fire Assn. of Philadelphia v. McNerney* (Tex. Civ.), 54 S. W. 1053.)

"A party or his attorney is justified in relying upon the stenographic reporter for a transcript of the oral proceedings of a trial; and if, without fault on the part of such party, such transcripts cannot be furnished by the reporter and, in consequence of this inability, a bill of exceptions cannot be had, a court of equity, in a proper case, will grant a new trial." (*Holland v. Chicago, B. & Q. R. Co.,* 52 Neb. 100, 71 N. W. 989; *Sanders v. Norris,* 82 N. C. 243; 29 Cyc. 874.)

R. L. Black, Attorney General, and Dean Driscoll, Assistant, for Respondent.

"The right to appeal is purely statutory, unknown to common law, and it cannot be extended by courts to cases not within the statute." (*General Custer Mining Co. v. Van Camp,* 2 Ida. 40, 3 Pac. 22.)

"An appellate court can only derive its jurisdiction from the constitution or statutes of the state. . . . . The fact that the aggrieved party has no other remedy is immaterial (*Maxon v. Gates,* 118 Wis. 238, 95 N. W. 92)." (*Athey v.*

*Oregon Short Line Ry. Co.*, 30 Ida. 318, 323, 165 Pac. 1116; *Rhodenbaugh v. Stingel*, 31 Ida. 594, 174 Pac. 604; *Evans State Bank v. Skeen*, 30 Ida. 703, 167 Pac. .1165; *State v. Grady*, 31 Ida. 272, 170 Pac. 85; *Neil v. Public Utilities Commission*, ante, p. 44, 178 Pac. 271; *Pacific Telephone & Telegraph Co. v. Eshleman*, 166 Cal. 640, Ann. Cas. 1915C, 822, 137 Pac. 1119, 50 L. R. A., N. S., 652.)

RICE, J.—This case presents but one question to this court for determination. Appellants were convicted of crime in the court below, and thereafter took the usual proceedings to have their case heard in this court on appeal, but before a transcript of the court reporter's record of the trial could be made, the reporter died. It has been shown to this court, by sufficient proof, that no transcript of the deceased reporter's notes has been or can be made, and it has also been shown that appellants have at all times since the trial made diligent efforts to obtain a transcript, but have failed through no fault of theirs, and they now make a motion asking that this court direct the trial court to grant them a new trial on the ground that they cannot be heard on appeal from the judgment rendered.

The question is a novel one in this jurisdiction. In a number of jurisdictions the question has been presented upon a variety of facts, such as the death, resignation or removal of the trial judge without settlement of the bill of exceptions in jurisdictions where there is no provision for a settlement by such judge's successor, the loss of the record, or the inability to obtain a transcript of the testimony because of the death of the reporter, or other reason. Cases wherein a party desiring to appeal was unable to obtain a transcript by reason of the death of the reporter, have, in some jurisdictions, been distinguished from those wherein the difficulty arose because of some inability of the judge. (*Lidgerwood Mfg. Co. v. Rogers*, 56 N. Y. Super. Ct. 350, 4 N. Y. Supp. 716, Id., 130 N. Y. 660, 29 N. E. 1034; *State v. Thompson*, 130 Mo. 438, 32 S. W. 975; *Butts v. Anderson*, 19 Okl. 367, 91 Pac. 906.) But there is no difference in principle between the two

groups of cases in this jurisdiction at this time. The view of the Nebraska court in *Curran v. Wilcox*, 10 Neb. 449, 6 N. W. 762, and of the Wyoming court in *Richardson v. State*, 15 Wyo. 465, 12 Ann. Cas. 1048, 89 Pac. 1027, wherein it is said that a party or his attorney is justified in relying upon the stenographic reporter for a transcript of the oral proceedings of a trial, is, in our opinion, the correct view to be taken. Therefore, all these cases belong to the same group, and further no distinction appears to exist between civil and criminal cases in this respect, and none is pointed out in the decided cases.

In England, a new trial is granted under such circumstances under Statute 13 Edward I, authorizing the taking and preserving of exceptions. (*Newton v. Boodle*, 4 D. & L. 664, 3 Com. B. 795, 136 Eng. Reprint, 318; *Benett v. Peninsular & O. S. B. Co.*, 16 Com. B. 29, 139 Eng. Reprint, 664.) In Massachusetts, the English cases are followed in *Borrowscale v. Bosworth*, 98 Mass. 34. In Maryland, they are followed for the reason that the statute upon which they are based is in force in that state. (Alex. Brit. Stats. 126 (1 Coe's ed. 165) ; *State, Use of Samuel v. Weiskittle*, 61 Md. 48; *Preston v. McCann,* 77 Md. 30, 25 Atl. 687; *Gross v. Wood*, 117 Md. 362, Ann. Cas. 1914A, 30, 83 Atl. 337.)

In some jurisdictions the English cases have been cited as authority for the rule that a new trial will be granted, while in others the same conclusion has been reached without reference to precedents, and in North Carolina this rule was established before the English cases herein cited were decided. (*Hamilton v. McCulloch*, 9 N. C. (2 Hawks) 29; *State v. Huggins*, 126 N. C. 1055, 35 S. E. 606; *Tucker v. Tucker*, 26 Mich. 443; *Wright v. Judge*, 41 Mich. 726, 49 N. W. 925; *State v. Bess*, 31 La. Ann. 191; *Henrichsen v. Smith*, 29 Or. 475, 42 Pac. 486, 44 Pac. 496; *Trammell v. State*, 1 Tex. App. 121; *Barr v. State*, 62 Tex. Crim. 58, 136 S. W. 454; *Hume v. Bowie*, 148 U. S. 245, 13 Sup. Ct. 582, 37 L. ed. 438; *Malony v. Adsit*, 175 U. S. 281, 20 Sup. Ct. 115, 44 L. ed. 163, see, also, Rose's U. S. Notes; *Nelson v. Marshall*, 77 Vt. 44, 58 Atl. 793; *Woods v. Beaton*, 1 Alaska, 344, 2 Alaska, 1;

*Richardson v. State, supra; Martin v. Blackwell,* 90 S. C. 351, 73 S. E. 629; *Bailey v. United States,* 3 Okl. Cr. 175, 104 Pac. 917, 25 L. R. A., N. S., 860; *Tegler v. State,* 3 Okl. Cr. 595, 139 Am. St. 976, 107 Pac. 949; *Elliott v. State,* 5 Okl. Cr. 63, 113 Pac. 213; *Bates St. Shirt Co. v. Place,* 76 N. H. 569, 78 Atl. 928; *Holland v. Chicago B. & Q. R. Co.,* 52 Neb. 100, 71 N. W. 989; *State v. Gaslin,* 32 Neb. 291, 49 N. W. 353.)

The appellants are in an unfortunate situation, brought about not by any act or failure of their own. The condition in which they are placed appeals strongly to the court. Has it the power to grant the relief prayed for?

The case of *Richardson v. State, supra,* is interesting, for the reason that the facts therein involved are very similar to those in the case at bar. The constitution of Wyoming, defining the jurisdiction of the supreme court of that state, is as follows:

"The Supreme Court shall have general appellate jurisdiction, co-extensive with the state, in both civil and criminal causes, and shall have a general superintending control over all inferior courts, under such rules and regulations as may be prescribed by law." (Art. 5, sec. 2.)

The statutory provision of Wyoming, bearing upon the question in hand, may be determined from the following quotation from the opinion:

"Upon the hearing of a criminal case brought to this court by petition in error, the statute provides that the court 'shall order the prisoner discharged, a new trial to be had, or,' if the punishment be capital, 'appoint a certain day for the execution of the sentence,' or in other cases of conviction of felony or misdemeanor shall order 'the original judgment to be enforced, as,' in either case, 'the nature of the case may require.' Rev. Stats. 1899, secs. 5423, 5424, as amended by chap. 63, secs. 2, 3, p. 65, Laws 1901."

The motion for new trial in that case was not contested. On the contrary, the attorney general, who represented the state, and also the prosecuting attorney of the county in which the conviction was had, admitted that there was mani-

fest error in the proceedings in the district court in that cause, and that the judgment of the said court should be set aside and held for naught. Under the broad constitutional and statutory provisions above referred to, it was held, after an elaborate decision, in which a large number of authorities were cited and analyzed, that the court had power to afford the relief prayed for.

The jurisdiction of this court is limited by art. 5, sec. 9, of our constitution, which is as follows:

"The Supreme Court shall have jurisdiction to review, upon appeal, any decision of the district courts, or the judges thereof. The Supreme Court shall also have original jurisdiction to issue writs of *mandamus, certiorari,* prohibition and *habeas corpus,* and all writs necessary or proper to the complete exercise of its appellate jurisdiction."

The power of this court under the section above quoted was carefully considered in the case of *Neil v. Public Utilities Commission, ante,* p. 44, 178 Pac. 271. Although the justices were not agreed in regard to some of the features of the Neil case, they were all agreed as to the limitations of our jurisdiction under the constitution. The appellate jurisdiction of this court is limited to reviewing upon appeal the decisions of the district courts or the judges thereof.

In the *Stenographer Cases,* 100 Me. 271, 61 Atl. 782, it was held that when, by reason of the death of the official court stenographer, a party who had filed a motion for a new trial at law, or had taken an appeal in equity, was unable to procure a report of the evidence, the law court had no authority to remand the case for a new trial, but must overrule the motion, for the reason that the law court in Maine is a creature of statute, and has no power except such as is given it by statute.

For similar reasons in the following cases, analogous in principle, relief was denied: *Etchells v. Wainwright,* 76 Conn. 534, 57 Atl. 121; *Alley v. McCabe,* 46 Ill. App. 368; affirmed, 147 Ill. 410, 35 N. E. 615; *Amacher v. Johnson,* 174 Ind. 249, 91 N. E. 928; *Bingman v. Clark,* 178 Iowa, 1129, 159 N. W.

172; *People v. Botkin,* 9 Cal. App. 244, 98 Pac. 861; *Peterson v. Lundquist,* 106 Minn. 339, 119 N. W. 50.

This court in the case of *In re Neil,* 12 Ida. 749, 87 Pac. 881, said: "Both the constitution and statute guarantee to him [the person convicted of crime] the right of appeal from any judgment of conviction rendered and entered against him. (Const., art. 5, sec. 9; Rev. Stats., sec. 8042.)"

This right of appeal, of which one convicted of crime in a district court may avail himself, is a right to call for the exercise of such powers as this court possesses to review upon appeal the decisions of the district courts, or the judges thereof. The motion for a new trial in this case is not addressed to the appellate jurisdiction of this court, and its consideration does not call for a review of any decision or action of the trial court. It is rather in the nature of an original proceeding in this court, which this court has not the power to entertain.

C. L., secs. 8071 and 8072, are as follows:

"Sec. 8071: Upon an appeal taken by the defendant from a judgment, the court may review any intermediate order or ruling involving the merits, or which may have affected the judgment.

"Sec. 8072: The court may reverse, affirm, or modify the judgment or order appealed from, and may set aside, affirm or modify any or all of the proceedings subsequent to, or dependent upon, such judgment or order, and may, if proper, order a new trial."

It is clear that the power to order a new trial, conferred by sec. 8072, is dependent upon a reversal of the judgment upon a review thereof on appeal.

The motion must be denied.

.Morgan, C. J., and Budge, J., concur.