STATE OF IOWA, Appellee, v. W. D. SHIELDS, Appellant.

CRIMINAL LAW: New Trial—Death of Reporter. Defendant's in-
1 ability, owing to the death of the official court reporter, to present, on appeal in a criminal case, a transcript of the trial court record will not be recognized as cause for a new trial, when the record is *substantially* presented by an abstract of the defendant's own making, together with an undenied amendment thereto.

CRIMINAL LAW: Appeal and Error—Presumption. It will be pre-
2 sumed that the court had some proper reason for excluding testimony, when the appellant does not show by the record what the reason or objection to the testimony really was.

CRIMINAL LAW: Trial—Instructions—Alibi. The rights of a de-
3 fendant relative to a claimed alibi are sufficiently guarded by instructions to the effect that he must establish the alibi by a preponderance of the testimony, but that the jury must acquit if, on the whole record, it has a reasonable doubt as to the defendant's guilt.

CRIMINAL LAW: New Trial—Newly Discovered Evidence. Newly
4 discovered evidence of an impeaching character, and on a collateral issue, is not ground for a new trial.

CRIMINAL LAW: Argument and Conduct of Counsel—Presumption.
5 The county attorney's argument will be presumed to be justified by the record, in the absence of some showing to the contrary.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

MARCH 13, 1923.

REHEARING DENIED JUNE 22, 1923.

DEFENDANT was convicted of the crime of burglary, and prosecutes this appeal.—*Affirmed*.

*Wilbur Owen* and *George A. Gorder*, for appellant.

*Ben J. Gibson*, Attorney general, *O. T. Naglestad*, County Attorney, and *O. D. Nickle*, Assistant County Attorney, for appellee.

ARTHUR, J.—I. The indictment charged that appellant, Shields, and others committed the crime of burglary on the 28th day of July, 1921, by breaking and entering in the nighttime the dwelling house of Minnie Proctor, and stealing from Minnie Proctor $160. Appellant alone was tried in this case.

At the time in question, Minnie Proctor, the prosecuting witness, was living in a house at No. 2500 Denison Road, in the city of Sioux City. Minnie Proctor had known appellant, Shields, since February, 1921. While she was living in this house, Mrs. Shields, wife of appellant, lived with her for about five weeks, and at the time Mrs. Shields came to live with Minnie Proctor, she brought with her some clothing, a suitcase and trunk, and some silverware.

The State introduced evidence tending to prove that, late in the afternoon of July 28th, appellant, Shields, called Minnie Proctor at her house, over the phone, and asked her if she had sold her place, and she told him that she had, and he asked her how much money she was to get, and she informed him that it was $1,200; that he then asked if he might get his wife's silverware, if he came after it, and was told that he might; that, about half an hour later, he came to the home of the prosecuting witness in an automobile, and at the time asked Minnie Proctor if she was going to be at home that night, and asked her how much money she had received from the sale of her property, and she told him that she had sold it for $1,200, and told him that she was going to be at home that evening; that the prosecuting witness spent the evening at her home; and that, between 12 and

1362 'STATE V. SHIELDS. [195 Iowa

1 o'clock, as she was preparing to go to bed, appellant and three other men broke into her house, entered her bedroom, and held her up with guns, and demanded of her where her money was, and she told them that what little she had was in her pocketbook, lying on the dresser; that appellant went over to her pocketbook and took the $160 out of it and carried it away; that prosecuting witness was gagged by the parties, her hands tied, and her feet tied together, and she was wired to the bed; that she then lost consciousness, and the next thing she knew, her house was on fire; that some parties in the vicinity of the house saw the house on fire, and entered the house and found the prosecuting witness wired to the bed, with her hands tied together, her feet tied, and a rope about her, and unloosened her and rescued her from the burning house, and she was taken to the police station; that, on her way to the police station, she said that she had been robbed by Red Shields, appellant; that he was one of the men who had robbed her and tied her to the bed.

The defense was an alibi, appellant claiming that he was at his home all evening; that he arrived home about 7:30, and was there until 1:20, when he was arrested by the police. As a witness, defendant admitted that he went to the home of the prosecuting witness during the afternoon, for the purpose of getting some silverware that belonged to his wife, and that he talked with the prosecuting witness at that time with reference to the sale of her property; but he denied having been present at or having in any way participated in the burglary charged in the indictment.

The cause was submitted, and the jury returned a verdict of "guilty with aggravation." A motion for a new trial was overruled, and judgment entered on the verdict, sentencing appellant to an indeterminate term, not exceeding 25 years in the penitentiary, from which judgment this appeal is prosecuted.

Errors relied upon for reversal are assigned, which we consider.

II. Counsel for appellant insists that this case should be remanded for a new trial, by reason of the fact that the defendant has been unable to file in this court a transcript of the proceedings had below, and has been denied his legal right to a complete review

1. CRIMINAL LAW: new trial: death of reporter.

of the case, by reason of his inability to secure a transcript of the evidence in the case. This is occasioned by reason of the death of the trial judge and the shorthand reporter, before the reporter had completed making a transcript of his shorthand notes.

Appellant was indicted on the 23d day of September, 1921. The trial was had in October following the indictment, and a verdict was found on October 26th. Motion for a new trial was made, and the same overruled, and judgment entered on the verdict on the 18th day of January, 1922. On the 10th day of July, 1922, Hon. W. G. Sears, the judge who presided below, died. On the 11th of July, 1922, one week before his time for appeal would expire, appellant served notice of appeal to this court. On the 8th of September, 1922, E. G. Dilley, who reported the case, died.

Counsel for defendant filed in this court what they claimed to be an abstract of the record in this case, and on such record they have predicated certain errors on which they rely for reversal, and ask a review of same. Appellee filed an amendment to the abstract filed by appellant. The reporter, E. G. Dilley, had made a transcript from his notes of a large portion of the testimony of the prosecuting witness, Minnie Proctor. Other reporters in said district were able to translate the shorthand notes of Dilley, and sufficient of the shorthand notes of Dilley were translated by them to make a fairly accurate statement of the testimony of the witnesses for the State upon direct examination, from which appellee's amendment to appellant's abstract was made.

Counsel for the State admit that the abstract filed by appellant is correct, except as amended by them. The amendment filed by appellee does not purport to cover any of the testimony given in behalf of the defendant on the trial, but counsel for the State state in their argument:

"We are willing to admit that the abstract made by appellant, in so far as his defense is concerned, is substantially in accordance with the testimony given below."

It may be further observed that appellant does not challenge the correctness of the amendment to the abstract made by appellee; so that, in the instant case, there is not an absence of

a record, as was the fact in many of the cases cited where death of the reporter rendered it impossible to present any record whatever.

In the case of *Dumbarton Realty Co. v. Erickson,* 143 Iowa 677, the reporter who took the testimony in the trial in the court below died before making any transcript of his notes, and it was found impossible to find anyone who could translate his notes. It was an action in equity, to quiet title to certain real estate against several different persons who.claimed title to portions of the land in question. Upon submission of the cause, the court took its decision under advisement, and nearly one year later, December 2, 1907, entered decree in plaintiff's favor. About the time the decree was entered, W. E. Cody, the reporter, became ill, and on March 10, 1908, he died. In April, 1908, petitions for a new trial were filed by defendants. On trial of the petitions, the court entered a finding in the following words:

"That it is now, and has been at all times since the entry of the decree in these consolidated causes, impossible to substitute or supply the evidence upon which the consolidated causes were submitted and decided, with a fair degree of faithfulness to the original testimony and evidence."

On this finding, a new trial was ordered, and the plaintiff appealed. On appeal, we reversed the order of the lower court, holding, in effect, that there is no statutory authority for granting a new trial because of casualty or misfortune which occurs after the entry of judgment. Bearing on this point see, also, *Ross v. Leader,* (Iowa) 122 N. W. 812 (not officially reported); *Loomis v. McKenzie,* 48 Iowa 416; *Bingman v. Clark,* 178 Iowa 1129; *State v. Ricks,* 32 Idaho 232 (180 Pac. 257, 13 A. L. R. 99); *McKinley v. McKinley,* 123 Iowa 574.

In the case before us, we do not think that defendant has been prevented from fairly presenting his appeal to this court. Perhaps he is not able to present as full and complete a record as he could have presented if the death of the trial judge and the reporter had not intervened. Also, appellant's showing of diligence in procuring a transcript before the reporter died, we think is not sufficient to entitle him to a new trial, even if he would be entitled to a new trial by reason of the fact that he was, after the death of the reporter, unable to secure a transcript.

He waited until July 11th, when his time had almost expired, before perfecting his appeal. The reporter did not die until about two months later, and there is no showing that appellant sought to hasten the reporter in making the transcript, or that the transcript could not have been procured within the two months after the appeal was taken, before the reporter died. *McKinley v. McKinley,* supra.

III. Appellant complains that the court erred in limiting the cross-examination of the prosecuting witness, Minnie Proctor, within too narrow bounds. Counsel for defendant sought to pro-

2. CRIMINAL LAW: appeal and error: presumption.

ject the theory in cross-examination of the witness that no burglary had been committed, but that the witness had overinsured her personal property, and had caused the burning of the house in which she was living, to obtain insurance, and attempted to show, on cross-examination, by having her admit it, that she had been living with men other than her husband; that she had been running a bootlegging and assignation house; that she had paid only $80 down on furniture which she had bought on contract for $650, and had represented, in taking out insurance on said property, that she was the owner of the furniture, and that there were no liens or charges against it; and that she had borrowed money and given a mortgage on the property, in which she warranted that the property was free and clear of liens; that she had had men arrested for white slavery; that, a few days before the fire, she had removed from her house certain rugs and furniture and her clothing; that she had blackmailed men out of money; that she had been fined $100 in police court for beating a woman, etc.

What objections were interposed by counsel for the State to this sort of cross-examination were not disclosed in the record; but whatever the objections were, the record shows that they were sustained by the court. In the absence of any showing as to what the objections made by the State were, we will presume that the rulings of the court were without error. The line of cross-examination indulged in by counsel, tending to show the commission of specific acts, was clearly improper, and it was not error to limit it as the court did. *State v. Brown,* 100 Iowa 50; *Palmer v. Cedar Rapids & M. R. Co.,* 113 Iowa 442.

IV.   Appellant claims error in Instruction 3, wherein the court told the jury, among other things, "that the defendant was presumed to be innocent until the contrary is made to appear," without further stating that the contrary must be made to appear beyond a reasonable doubt.   This criticism is without merit.   In other instructions, the court correctly and adequately instructed the jury as to all matters required to be proved by the State beyond a reasonable doubt.

3. CRIMINAL LAW: trial: instructions: alibi.

Complaint is made of Instruction No. 15, wherein the court instructed on the defense of alibi.   The criticism is that the instruction placed the burden of proof on the defendant, to show by a preponderance of the evidence that he was not at the scene of the commission of the offense at the time thereof, and further said:

"If the defendant has shown that, at the time of the burglary, if any is proven, the defendant was at such distance from the scene of the burglary that he could not have participated in the commission of the crime, this will, of course, entitle the defendant to an acquittal."

Appellant insists that the above quoted portion of the instruction was prejudicial to defendant, because it required the defendant to prove the full and complete traverse of the allegations of the indictment as to his presence at the scene of the crime, before he was entitled to an acquittal, and denied him the benefit of a reasonable doubt as to whether he might or might not, or could or could not, have been at the place of the alleged crime.   The criticism is without merit.   The court, in the instruction complained of, correctly instructed as to the burden of proof and weighing of the evidence as to the defense of alibi, by stating, in substance, that the burden of establishing an alibi was on the defendant, but that the defendant was not bound to establish such defense beyond a reasonable doubt; and that if, upon the whole case, the testimony introduced to prove alibi raised in the minds of the jury a reasonable doubt that the defendant was present at the time and place where the burglary was committed, then it would be the duty of the jury to give the defendant the benefit of the doubt, and acquit him.

It is further complained of such instruction that it assumes

that a burglary had been committed. The several paragraphs of instructions must be read together. The court correctly and adequately instructed the jury that the propositions involved in the alleged burglary, setting the propositions forth, must be proved by the State beyond a reasonable doubt. Appellant did not request instructions on the subject-matter of the instructions complained of, but we have examined the instructions carefully, and find no error.

V. Error is assigned in denying a new trial on the ground of newly discovered evidence. The character of the newly discovered evidence, presented in affidavits, was, in substance, that

4. CRIMINAL LAW: new trial: newly discovered evidence.

Minnie Proctor, prosecuting witness, was running an assignation house; that she was selling liquor; that she was a blackmailer; that she insured her property against loss by fire for more than it was worth; and that she had threatened to burn the place she lived in, to realize on her insurance. Such newly discovered evidence was of an impeaching character, and on a collateral issue, if competent on any issue. It was not error to refuse a new trial on such ground. *State v. Leuth,* 128 Iowa 189; *State v. Pelser,* 182 Iowa 1; *State v. Pell,* 140 Iowa 655.

Also, there is no sufficient showing in the record that by the exercise of due diligence the proffered evidence could not have been discovered prior to the trial.

VI. Appellant complains of misconduct of the prosecuting attorney in his argument to the jury. We do not have before us the language complained of. Appellant presented an affidavit,

5. CRIMINAL LAW: argument and conduct of counsel: presumption.

which does not purport to give the language of the county attorney, but gives affiant's conclusions of what was said by the county attorney concerning certain matters which counsel for appellant claim were not justified, and were prejudicial to defendant. The record does not sufficiently support the facts with reference to the claimed misconduct to warrant reversal on that ground. The rule is well settled that, nothing appearing to the contrary, it will be presumed that the argument of the prosecutor was a legitimate response to the contention or argument of counsel for defendant. *State v. Cameron,* 177 Iowa 379.

VII. Appellant complains that the court erred in permit-

ting certain witnesses called by the State to testify to certain matters. We have before us no objections to the admission of the testimony complained of, and cannot assume that the testimony was erroneously received.

VIII. Counsel for appellant strenuously argue the proposition, in various forms, that the evidence was insufficient to sustain the verdict, and urge especially that there was no evidence tending to connect defendant with the alleged offense, except that of the prosecuting witness, Minnie Proctor. It was not a charge requiring corroboration. The jury could find that the burglary was committed on the testimony of the prosecuting witness alone, if they believed her testimony to be true, and that appellant was the man, or one of the men, who committed the crime. Whether the crime was committed, and whether appellant committed the crime, as charged in the indictment, was a question of fact, for the jury to determine.

We have examined the record with great care, and conclude that the evidence was sufficient to warrant the submission of the case to the jury and to support the verdict found. We find no prejudicial error in the record. Appellant was ably defended, and was afforded a fair trial. We find no reason to disturb the verdict of the jury and the judgment of the court thereon. The case is—*Affirmed.*

PRESTON, C. J., EVANS and FAVILLE, JJ., concur.