## NED GAITER *v.* THE STATE.

1. RECORD — WHAT IT MUST CONTAIN IN CRIMINAL CASES. — In criminal cases the record should show distinctly, leaving as little as possible to inference or presumption, all the proceedings in the several stages of the prosecution, trial and sentence.

2. SAME. — The record in a capital case being silent as to all the intermediate dates between the ninth and the twenty-fouth of the month at one term, and between the fourteenth of one month and the fifth of the next, at another, and failing to show distinctly that the grand jury was organized; or that the grand jury presented the indictment; or that the prisoner was present in proper person at the trial; or that after being found guilty of murder was asked if he had any thing to say why sentence of death should not be pronounced against him, is so defective as to vitiate a conviction and entitle the prisoner to a new trial.

ERROR to the criminal court of Warren county. OSGOOD, J.

*Smith & Clifton* and *White & Farish,* for plaintiff in error,

Cited 3 How. 27 ; 25 Miss. 589 ; 2 Ga. 421 ; 26 Miss. 362 ; 1 Bish. Cr. Proc. 684 ; 8 S. & S. 722 ; 6 Barr, 384 ; 9 Leigh, 623 ; 4 Black. Com. 375 ; 1 Chit. Cr. Law, 699, 701, 720 ; Arch. Cr. Pr. and Pl. 180 ; 1 Bish. Cr. Proc. 865 ; 3 Mod.

265 ; 2 Zab. 212 ; 4 ib. 455 ; 1 Harris, 129 ; 1 Park. Cr. R. 474 ; 43 Ala. 21, 53, in support of the same views contained in the opinion of the court.

*J. S. Morris*, Attorney-General.

As to the organization of the grand jury, see Rev. Code of 1857, p. 499, art. 131 ; ib. 613, art. 250 ; Easterling v. State, 35 Miss. 210.

There is a recital in the record that "the grand jury were impaneled and sworn." See Frank v. State, 39 Miss. 705 ; 9 Ga. 58 ; Whart. Am. Cr. Law (6th ed.), §§ 3043-4-5.

TARBELL, J. :

The plaintiff in error having been tried in the criminal court of Warren county, on a charge of murder, whereof he was convicted and sentenced, brings his case to this court for review. The errors assigned, based upon defects in the record, are as follows : 1st. The grand jury was not legally organized ; 2d. The record does not show that the plaintiff in error was present in court during the several stages of the trial ; 3d. The record does not show that the accused was asked before sentence, if he had any thing to say why the sentence of death should not be pronounced against him, and for other reasons, etc.

The record in this case is certainly very defective, and the verdict can be sustained only by construction and intendments which ought not to be indulged in a criminal case involving the life of a party.

From the organization of the court on the 9th day of November, 1869, to the 24th day of the same month on which day the indictment was filed, no intermediate date is given as to any of the orders or transactions of the court in reference to this case. The trial being postponed, the record states that the court again convened on the 14th day of February, 1870. In this case a special *venire* was called, jurors fined, a motion to quash the indictment was over-ruled, a trial had, a motion for a new trial was overruled,

a motion in arrest of judgment was denied and sentence pronounced, without showing the date of these proceedings, all of which occurred between the opening of the court on the 14th day of February and the 5th day of March, 1870, when the bill of exceptions was signed.

Without giving the date of the order, it is stated by the record that, "It appearing to the court that no grand jury has been selected by the board of police for the present term of this court it is ordered, in accordance with the statute in such cases, that the sheriff of the county do select and summon from the county aforesaid twenty good and lawful men thereof, householders and freeholders thereof, and citizens of the United States, to be and appear here before this court instanter, then and there to serve as grand jurors for the November term, 1869, of this court." It is then stated that "thereupon, in obedience to said command aforesaid, the sheriff summoned the following good and lawful men of his county, to wit, A. H. Arthur, foreman," and nineteen others, whose names are given. The next statement is, that three of the persons so summoned were excused from service on the grand jury.

Then follows this entry : "This day the grand jury duly impaneled and sworn for the present term of this court; thereupon, their foreman, A. H. Arthur, Esqr., returned into court here several indictments each indorsed thereon 'a true bill,'" etc. Then this: "Among said indictments was the following, in words and figures as follows." The indictment being given, the clerk certifies it to have been filed November 24, 1869. It will be seen that except by a forced construction, and liberal intendments, the grand jury was not duly impaneled. It is stated by way of recital that it had been previously done; but there is no direct statement of the organization of the grand jury on the day when it occurred. A literal reading of the record shows the indictment to have been presented by the foreman and not by the grand jury through him.

On a day not given, the record states that "this day

comes the district attorney for and on behalf of the state, as well as the said defendant by his attorneys, and the said defendant, by his attorneys, moves the court to quash the indictment herein;" but the grounds of this motion are not shown, and it was overruled. Then follows the entry of the trial, and at its conclusion is added, "and the said defendant is remanded to jail."

If these occurrences all transpired on the same day, it is possible the accused was in court when the motion to quash the indictment was submitted, though the record asserts affirmatively that he appeared on that occasion by counsel. As it is altogether probable that the trial occupied several days, the entry at its termination, that the defendant was remanded to jail, cannot cure the defect.

The record of the motion in arrest of judgment states it to have been made by attorney, without any entry upon which to found a forced presumption of the presence of the prisoner in court.

The record also wholly neglects to show that, before sentence, the accused was asked if he had any thing to say why sentence of death should not be pronounced upon him, which, we have held in another case at this term, should appear, though this alone does not entitle the party to a new trial. A bill of exceptions appears to the refusal of the court to arrest the judgment, but no testimony is sent up.

We are unwilling, in a case of life and death, to sustain a verdict upon a record so full of defects as this, requiring, as it does in all its parts, constructions and intendments directly contrary to the ordinary and literal meaning of the language used. In criminal cases, the record should leave as little as possible to construction and presumptions because, in such cases, there is little that is not matter of substance. We have reached the conclusion to send the case back for a new trial.

The judgment is, therefore, reversed, and the cause remanded, and a *venire de novo* awarded.