STATE v. REED, *Appellant.*

**Practice, Criminal**: DEFECTIVE RECORD: CERTIORARI: NEW TRIAL. When the record originally sent to the Supreme Court is defective, and it appears by a return to a writ of *certiorari* awarded for the purpose of supplying the defects, that the original papers in the case have been stolen, so that they cannot be supplied, a new trial will be ordered. The accused is entitled to have his case reviewed on a correct record.

*Appeal from Christian Circuit Court.*—HON. W. F. GEIGER, Judge.

*John P. Ellis* for appellant.

1. The defendant is entitled to have, and the State is bound to furnish a transcript correct in all material particulars. Where the record is defective only in immaterial respects, a writ of *certiorari* cannot be awarded. By awarding the writ in this case, this court has given judgment that the defects are material. In cases of felony, the accused has a right to stand upon all his legal rights, that

he has not expressly waived by the record, or that have not been taken away by the statute. *State v. Armstrong,* 46 Mo. 588; *State v. Daily,* 45 Mo. 153; *Sweeden v. State,* 19 Ark. 205.

*J. L. Smith,* Attorney-General, for the State.

NAPTON, J.—The defendant was indicted in Greene county on the 14th of May, 1870, for the murder of A. Hollingsworth, and a change of venue was awarded to the county of Christian, and at the March term, 1871, of the Christian circuit court a trial was had and the defendant convicted of manslaughter in the third degree, and sentenced to two years imprisonment in the penitentiary. The defendant appealed to this court, and a *supersedeas* was granted. The transcript of the proceedings in the case having been filed in 1871, and the case docketed in 1874, the appellant suggested a diminution of the record, stating various defects, omissions and incorrect statements in the record, supported by the affidavit of his attorney, and upon his motion a *certiorari* was awarded. To this a return was made, stating that the clerk's office had been broken open, on a night stated, and nearly all the papers in this case stolen. The record sent up in obedience to the last *certiorari* is in fact greatly more defective than the first record, which was so defective as in our opinion to authorize the writ. The defendant's attorney filed a motion to reverse the judgment, inasmuch as no record can be procured, and the defendant is entitled to have his case reviewed by this court. This motion was taken under advisement, and we are now of opinion that it should be sustained. The judgment is therefore reversed and the case remanded. The other judges concur.

REVERSED.