## DOMBY BRYANS v. THE STATE.

*No. 3578.    Decided December 6.*

**Practice in the Court of Appeals—Statement of Facts.**—This court will unhesitatingly reverse a conviction when it is made to appear (as was done on this appeal) that without fault on the part of the defendant or his counsel the defendant has been deprived of a statement of the facts in his case.

APPEAL from the District Court of Webb. Tried below before Hon. J. C. Russell.

The opinion discloses the case.

*A. Winslow,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—Appellant was convicted of assault with intent to murder, his punishment being assessed at two years in the penitentiary.

There is no statement of facts in the record, and without a statement of facts we could not act intelligently nor satisfactorily upon the majority of the errors complained of.

With regard to the statement of facts we find in the record the affidavit of A. Winslow, attorney for appellant, which shows, in substance, that he made out a statement before adjournment of court and presented it to the district attorney, who declined to sign or agree to the same for the reason that he did not have time to give the matter attention, and who said he would attend to said matter if defendant would get an order for ten days after adjournment in which to make out said statement. Defendant's counsel then presented his statement to the trial judge for examination and approval, and said judge declined to examine or approve the same or to make out any statement of facts, "giving as a reason therefor that he wanted counsel to agree among themselves if possible; that court

would adjourn soon, and that he did not have time; that he would enter an order allowing ten days after adjournment of court within which to file a statement of facts; that said order was entered," and that affiant, said A. Winslow, as attorney for defendant, then and there and before adjournment delivered his said statement of facts to the district attorney. "That said district attorney took said statement and left the city, and has failed and refused to agree to and sign said statement of facts and return and file the same in this (District) court, or to make and file any statement in said cause whatsoever. Neither has the court made and filed any statement of facts in the cause, but has failed and refused so to do. Affiant says he has used due diligence by using all the means in his power to procure the filing of a statement of facts in this cause."

This affidavit is not in any manner attempted to be controverted or denied.

It is a well settled rule that a judgment of conviction will be reversed on appeal if it be made to appear that without fault on the part of defendant and his counsel he has been deprived of a statement of the facts in his case. Trammel v. The State, 1 Texas Ct. App., 121; Ruston v. The State, 15 Texas Ct. App., 336 and 377; Johnson v. The State, 16 Texas Ct. App., 372; Henderson v. The State, 20 Texas Ct. App., 304; Sana v. The State, 22 Texas Ct. App., 637.

Judgment is reversed and cause remanded.

*Reversed and remanded.*

Hurt, J., absent.