(July 1, 1921.)

## STATE, Respondent, v. HENRY RICKS and EDWARD LEVINE, Appellants.

[201 Pac. 827.]

APPEAL—MOTION TO DISMISS—CRIMINAL CASE—INABILITY TO FURNISH REPORTER'S TRANSCRIPT—BILL OF EXCEPTIONS—STATUTORY METHOD OF APPEAL — JUDGMENT — PRESUMPTION OF VALIDITY — RECORD — ERROR—SHOWING—GRANT OF NEW TRIAL BY THIS COURT DEPENDENT ON REVERSAL.

1. Under C. S., secs. 9079 and 9013, lapse of time in filing a transcript on appeal in a criminal case is not jurisdictional, and it rests in the discretion of the court to dismiss the appeal or enlarge the time for filing the transcript.

Argument for Appellants.

2. Where it is impossible to procure a reporter's transcript, and the clerk of the district court has furnished a clerk's transcript, lacking that of the reporter, a motion to dismiss will be denied, and the appeal heard on such record as is before the court.

3. Questions raised by motions to quash the information and in arrest of judgment will not be reviewed by this court unless presented by a bill of exceptions.

4. The right of appeal can be exercised only by the method and in the manner provided by statute.

5. The power of this court to grant a new trial depends upon a reversal of the judgment.

6. The judgment of the trial court is presumed valid in the absence of a showing to the contrary.

7. This court cannot reverse the judgment of the trial court unless error calling for a reversal is shown in the record.

8. The fact that the death of the court reporter and subsequent loss of his notes make it impossible to procure his transcript of the proceedings on the trial is not ground for reversing the judgment.

APPEAL from the District Court of the Ninth Judicial District, for Madison County. Hon. James G. Gwinn, Judge.

Defendants were convicted of the crime of rape. *Affirmed.*

Miller & Ricks, for Appellants.

That no transcript on appeal was served or filed in this court within six months after perfecting of the appeal is not ground for dismissal of the appeal. (*Scott v. Madarica,* 32 Ida. 756, 188 Pac. 37; *Welch v. Spokane Int. R. Co.,* 32 Ida. 668, 186 Pac. 915.)

A party or his attorney is justified in relying upon the stenographic reporter for a transcript of the oral proceedings of a trial. (*State v. Ricks,* 32 Ida. 232, 180 Pac. 257, 13 A. L. R. 99; *Curran v. Wilcox,* 10 Neb. 449, 6 N. W.

Publisher's Note.

5. On inability to perfect record for appeal as grounds for new trial, see note in 13 A. L. R. 102.

762; *Richardson v. State,* 15 Wyo. 465, 12 Ann. Cas. 1048, 89 Pac. 1027; *Watt v. State,* 16 Okl. Cr. 352, 183 Pac. 512.)

Where the record, or a material part thereof, without which the errors assigned cannot be passed upon, has been lost or destroyed, without possibility of substitution, through no fault or neglect on the part of the appellants or their counsel, or by reason of some accident or act of Providence for which no one is responsible, the court will order a new trial of the case. (C. S., secs. 6556–6559, 6562, 9013; *Hamilton v. McCulloch,* 9 N. C. (2 Hawks) 29; *State v. Huggins,* 126 N. C. 1055, 35 S. E. 606; *Tucker v. Tucker,* 26 Mich. 443; *People v. Judge,* 41 Mich. 726, 49 N. W. 925; *State v. Bess,* 31 La. Ann. 191; *Henrichsen v. Smith,* 29 Or. 475, 42 Pac. 486, 44 Pac. 496; *Trammell v. State,* 1 Tex. App. 121; *Barr v. State,* 62 Tex. Cr. 58, 136 S. W. 454; *Hume v. Bowie,* 148 U. S. 245, 13 Sup. Ct. 582, 37 L. ed. 438; *Malony v. Adsit,* 175 U. S. 281, 20 Sup. Ct. 115, 44 L. ed. 163; *Nelson v. Marshall,* 77 Vt. 44, 58 Atl. 793; *Woods v. Beaton,* 1 Alaska, 344; Id., 2 Alaska, 1; *Richardson v. State, supra; Martin v. Blackwell,* 90 S. C. 351, 73 S. E. 629; *Bailey v. United States,* 3 Okl. Cr. 175, 104 Pac. 917, 25 L. R. A., N. S., 860; *Tegler v. State,* 3 Okl. Cr. 595, 139 Am. St. 976, 107 Pac. 949; *Elliott v. State,* 5 Okl. Cr. 63, 113 Pac. 213; *Bates Street Shirt Co. v. Place,* 76 N. H. 569, 78 Atl. 928; *Holland v. Chicago, B. & Q. R. Co.,* 52 Neb. 100, 71 N. W. 989; *Downing v. Gaslin,* 32 Neb. 291, 49 N. W. 353.)

The right of appeal in this state, since it is both constitutional and statutory, is essential to due process of law, and an affirmance of the judgment in this case will be a deprivation of appellants' constitutional and statutory right of appeal and a denial of the equal protection of the laws. (Idaho Const., art. 1, sec. 13; U. S. Const., 5th and 14th Amendments; *In re Chase,* 20 Ida. 128, 116 Pac. 1037; *Hovey v. Elliott,* 167 U. S. 409, 17 Sup. Ct. 841, 42 L. ed. 215; *Burton v. Platter,* 53 Fed. 901, 4 C. C. A. 95.)

Where the constitution creates a court of general appellate jurisdiction and provides that appeal may be taken thereto,

the right of review is a constitutional right which cannot be taken away by the legislature. (*Simpson v. Simpson,* 25 Ark. 487; *Ex parte Anthony,* 5 Ark. 358; *Peake v. People,* 76 Ill. 289; *St. Louis & Southeastern Ry. Co. v. Lux,* 63 Ill. 523.)

A new trial should be granted in order to make the constitutional guaranteed right of appeal available. (*State v. Ricks, supra; Fischer v. Davis,* 24 Ida. 216, 133 Pac. 910; *In re Neil,* 12 Ida. 749, 87 Pac. 881.)

The right of appeal in this state is both procedural and substantive. The death of the court reporter in the instant case has affected nothing but the procedural right. The legislature, looking forward to just such a contingency as the present one, has provided for it. (C. S., sec. 6511; *Fox v. Flynn,* 27 Ida. 580, 150 Pac. 44.)

When jurisdiction is conferred upon a court by the constitution, there is also conferred, as an incident of such grant, the power to make the same effective by any suitable process or mode of procedure which may be adopted or recognized. (*McDougall v. Sheridan,* 23 Ida. 191, 128 Pac. 954; 12 Cyc. 861; 17 C. J. 163; 20 R. C. L. 288; 2 R. C. L. 268; 21 Ann. Cas. 262, note; *Ruston v. State,* 15 Tex. App. 336; *Babb v. State,* 8 Tex. App. 173; *Henderson v. State,* 20 Tex. App. 304; *Gaiter v. State,* 45 Miss. 441; *State v. Bess,* 31 La. Ann. 191; *State v. Weiskittle,* 61 Md. 48; *People v. Judge,* 40 Mich. 630; *People v. Judge,* 41 Mich. 726, 49 N. W. 925; *State v. Wilson,* 200 Mo. 23, 98 S. W. 68; *State v. Eaton,* 191 Mo. 151, 89 S. W. 949; 20 Standard Proc. 512, notes 32 and 39.)

The above cases were all criminal cases, and, so far as we have been able to ascertain, there was no established procedure laid down by statute in any of them, and the courts there adopted the rule which we have asked this court to adopt and grant a new trial.

"Where by reason of a loss of the record the appellant is unable by no fault of his to perfect his appeal, he will be excused from producing the transcript and the judgment will

be reversed." (12 Cyc. 861; 17 C. J. 163; *State v. Doerries,* 168 Mo. App. 324, 153 S. W. 1062; *State v. McCarver,* 113 Mo. 602, 20 S. W. 1058; *King v. State,* 59 Tex. Cr. 511, 129 S. W. 626; *Evans v. State,* 84 Tex. Cr. 577, 209 S. W. 147; *Lamm v. State,* 4 Okl. Cr. 641, 111 Pac. 1002; *State v. Reed,* 67 Mo. 36.)

The court is admonished on appeal to disregard defects in procedure. (C. S., sec. 9084; *State v. McBride,* 33 Ida. 124, 190 Pac. 247.)

Where it appears that the record or a material part thereof, without which the errors assigned cannot be passed upon, has been lost or destroyed, without possibility of substitution, through no fault or negligence of appellant or his counsel, but by reason of some accident or act of Providence, prejudice should be presumed. (*Zweibel v. Caldwell,* 72 Neb. 47, 99 N. W. 843, 102 N. W. 84.)

Roy L. Black, Attorney General, and James L. Boone, Assistant, for Respondent.

"There being no transcript on file and counsel for appellant offering no transcript certified and served as required by the statute and the rules of this court, there is no case here for review and consideration and the appeal will be dismissed." (*State v. Squires,* 15 Ida. 327, 97 Pac. 411.)

Appellants' right of appeal is a right to prosecute the same according to the reasonable rules and regulations imposed by legislative authority.

"If the failure is caused by unavoidable casualty, the party thus handicapped suffers a misfortune, but no wrong for which either constitution or statute provides a remedy." (*Dumbarton Realty Co. v. Erickson,* 143 Iowa, 677, 136 Am. St. 778, 21 Ann. Cas. 258, 120 N. W. 1025; *Ross v. Leader* (Iowa), 122 N. W. 812; *Bingham v. Clark,* 178 Iowa, 1129, 159 N. W. 172.)

On the appellant rests the duty of supplying this record in order that the supreme court may review the same. Why should this duty be saddled upon the state, which prevailed

below? (*State v. Cantrell*, 279 Mo. 569, 216 S. W. 48; *People v. Botkin*, 9 Cal. App. 244, 98 Pac. 861.)

In view of the admitted condition of the record, the appellate court, in the absence of a showing in the record to the contrary, will indulge all reasonable presumption in favor of the judgments or rulings of the trial court (17 C. J., sec. 3560, p. 213; *People v. White* (Cal. App.), 190 Pac. 821; *State v. Schoenborn*, 55 Mont. 517, 179 Pac. 294; *Thomas v. State* (Okl. Cr.), 190 Pac. 711), and will presume that the progress of the cause in the court below was regular and free from error. (17 C. J., sec. 3560, p. 214; *People v. Woods*, 2 Ida. 364, 16 Pac. 551; *People v. Williams*, 2 Ida. 366, 16 Pac. 552; *State v. Watkins*, 7 Ida. 35, 59 Pac. 1106; *State v. Suttles*, 13 Ida. 88, 88 Pac. 238; *State v. O'Brien*, 13 Ida. 112, 88 Pac. 425; *State v. Lottridge*, 29 Ida. 53, 155 Pac. 487; *Pilgrim v. State*, 87 Tex. Cr. 6, 219 S. W. 451; *Brown v. State* (Okl. Cr.), 194 Pac. 272; *Agent v. State* (Okl. Cr.), 194 Pac. 233; *Williams v. State* (Okl. Cr.), 190 Pac. 892; *People v. Airola* (Cal. App.), 188 Pac. 817; *People v. White* (Cal. App.), 190 Pac. 821.)

In order to overcome such presumption, error must be affirmatively shown by the record. (17 C. J., sec. 3560, p. 215; *State v. Haverly*, 4 Ida. 484, 42 Pac. 506; *State v. Schoenborn, supra; Cohen v. People*, 68 Colo. 10, 189 Pac. 13); and the burden of so showing it is on the party complaining of the error. (17 C. J., sec. 3560, p. 215.)

McCARTHY, J.—Appellants were convicted in the district court of the crime of rape, and appealed. They ordered a transcript from the clerk in accordance with C. S., 9077, and procured an order from the district judge for a reporter's transcript of the evidence, proceedings and exceptions, in accordance with C. S. 9013. In the meantime the court reporter died, showing was made that his successor could not prepare the transcript, and it is now stipulated by the attorney general and appellants' counsel that no reporter's transcript can ever be procured. Respondent moves to dismiss the appeal on the ground that there is no transcript. Upon

order of this court the clerk of the district court has furnished a clerk's transcript, lacking that of the reporter. Appellants repudiate it, contending that they should not be forced to submit the case to this court on appeal without the reporter's transcript. By way of opposition to respondent's motion, appellants move this court to reverse the judgment and remand the case for a new trial on the ground that a reporter's transcript cannot be obtained. On the argument of respondent's motion to dismiss the appeal counsel for appellants also submitted argument in support of their present motion, the court reserving opinion as to whether it presented a proper question for consideration at this stage of the proceedings or at all.

The time within which the record on appeal in a criminal case shall be filed in the supreme court is fixed by statute, (C. S., sec. 9077.) Criminal appeals are thus differentiated from civil appeals, in that in civil appeals sec. 7166 provides that the transcript shall be filed within such time as is now or shall be designated by rule of the supreme court. In criminal appeals under section 9077, the transcript must be filed within forty days from the time the appeal is taken unless further time is given by the district court or by a member of the supreme court. By sec. 9077 it is provided that the record on appeal from a final judgment of conviction shall consist of copies of the notice of appeal, the record as the same is or shall be provided by sec. 9040, and the reporter's transcript in case there be one. That is the record which must be filed within forty days or some extension thereof. But sec. 9013, which provides for a transcript in lieu of a bill of exceptions, states that a failure of the reporter to obtain an extension of time shall not in anywise impair the rights of the parties to the action, and sec. 9079 provides that the court may dismiss an appeal if the return is not made as provided in the last article, unless, for good cause, it enlarges the time for that purpose. In view of the language of secs. 9013 and 9079, lapse of time in filing transcript in a criminal case is not a jurisdictional matter, and it rests in the discretion of the court to dismiss the appeal or

enlarge the time for filing transcript. We conclude that, under the circumstances of this case, this discretion should be exercised in favor of denying the motion to dismiss the appeal.

There is another reason for such conclusion. It is stipulated by the parties that it is impossible to procure the reporter's transcript. Appellants contend that on this ground the judgment should be reversed and a new trial granted by this court in the exercise of its appellate jurisdiction. This court has held that it has no power to grant a new trial on this ground in the exercise of its original jurisdiction. (*State v. Ricks,* 32 Ida. 232, 180 Pac. 257, 13 A. L. R. 99.) The question whether it can and should do so in the exercise of its appellate jurisdiction is now squarely raised and should be decided on a hearing of the appeal rather than on a motion to dismiss it.

Respondent contends that the view which we have taken of the motion to dismiss the appeal in this case is in conflict with the decision in *State v. Squires,* 15 Ida. 327, 97 Pac. 411, and with several other decisions of this court in which appeals have been dismissed or transcripts stricken for failure to substantially comply with the statutes and rules of this court. In all these cases it appeared that the appellant had not procured and filed his transcript in accordance with the statutory provisions and rules of the court although it was in his power so to do. They are thus distinguished from a case like the present where the failure to file the transcript was due to the fact that it was beyond the power of the appellant. Under such circumstances this court is not forced to dismiss the appeal and should not do so.

Respondent has moved to strike the clerk's transcript on the grounds, first, that it was not filed within six months of the perfection of the appeal; second, that no transcript was served upon respondent or filed within 60 days after the appeal; third, that the court has no authority to order the transcript brought here or consider it and that appellants have disavowed it. The first two grounds are disposed of

by the reasons given above in discussing the motion to dismiss the appeal. As to the last ground, Constitution, art. 5, sec. 9, gives this court the power to issue all writs necessary or proper to the complete exercise of its appellate jurisdiction. Under this provision the court had the power to order the transcript sent here whether defendants' counsel approved or disavowed it.

The first point raised upon the appeal is that neither the probate court sitting as committing magistrate, nor the district court, acquired jurisdiction because the complaint before the former was made on information and belief and the information in the latter was not verified. As a matter of fact, the complaint shown in the transcript was not made on information and belief, but was a positive sworn statement. Our statute does not require an information to be verified. (C. S., sec. 8810.) But on this appeal these questions are not properly before this court. All these points were raised in the lower court by motions to quash the information and in arrest of judgment. The only way this court can pass upon them is by reviewing the orders of the lower court. This can be done only if these questions are brought here by proper bills of exception. (C. S., secs. 9008, 9010; *State v. Maguire,* 31 Ida. 24, 169 Pac. 175.) Such bills of exception could have been furnished by appellants, the matter not being affected by the loss of the reporter's transcript.

Appellant contends that he has a constitutional right to appeal, that for the full enjoyment of this right he is entitled to the reporter's transcript of the proceedings of the trial below, and that to affirm the judgment, in the absence of that transcript, would be to deprive him of his liberty without due process of law, in violation of the constitutional guarantee.

There are some cases in which it is held that the supreme court has power, in the exercise of its original jurisdiction to grant a new trial, where the record of the trial below is not available, without fault of appellant. (*Bailey v. United States,* 3 Okl. Cr. 175, 104 Pac. 917, 25 L. R. A., N. S., 860;

*State v. Reed*, 67 Mo. 36; *Borrowscale v. Bosworth*, 98 Mass. 34.)    The contrary is held in *State v. Ricks, supra,* thus settling that question in this state.

In other cases it is held that the court has such power in the exercise of appellate jurisdiction.    The reasons for this conclusion are best expressed in certain decisions of the supreme courts of Wyoming and Oklahoma.    The Wyoming constitution provides that the supreme court shall have power to issue writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction.    "Incidental to the power to compel a correct record to be sent up, or a bill of exceptions to be settled, is the power, as it seems to us, of ordering a new trial of the cause, where it is made to appear that the only record in the cause has been destroyed without possibility of substitution through no fault of the appellant, or where, without fault on the part of the appellant or his counsel, but solely because of the neglect or delay of some court official, or some accident or act of Providence for which no one is responsible, it has become impossible for a bill of exceptions to be settled, without which the errors complained of cannot be considered."    (*Richardson v. State*, 15 Wyo. 465, 485, 89 Pac. 1027, 1034, 12 Ann. Cas. 1048.)

In an Oklahoma case the appellant was unable to furnish a bill of exceptions owing to the death of the judge who tried the case.    The court said: "This defendant has the constitutional right to have this court consider the facts of this case, and the legal questions involved in the light of these facts, and of all that transpired at the trial, and he cannot be deprived of this right by the death of the judge who tried the case."    (*Tegler v. State*, 3 Okl. Cr. 595, 139 Am. St. 976, 107 Pac. 949.    See, also, *Elliott v. State*, 5 Okl. Cr. 63, 113 Pac. 213.)    These decisions hold that a supreme court, which is granted general appellate jurisdiction by the constitution, has the power to reverse the judgment and grant a new trial in such cases and that it should be done.

Opposed to the line of authorities mentioned above is another line which holds that inability to procure a transcript

of the proceedings is not ground for reversing a judgment and granting a new trial. The reasons for this conclusion are well summed up in the decisions of the supreme courts of Iowa, Illinois, Minnesota and California.

"Moreover, we are not prepared to hold that failure to perfect a record or an appeal because of noncompliance with reasonable legislative regulations can be excused by a showing that such noncompliance was occasioned by accident, casualty, or misfortune, or that refusal to give effect to such excuse, is the denial of a constitutional right. . . . . In such cases the appeal fails, not because a constitutional right is denied, but because of failure to comply with the conditions constitutionally imposed upon its exercise. If the failure is caused by unavoidable casualty, the party thus handicapped suffers a misfortune, but no wrong for which either constitution or statute provides a remedy." (*Dumbarton Realty Co. v. Erickson,* 143 Iowa, 677, 685, 136 Am. St. 778, 21 Ann. Cas. 258, 120 N. W. 1025, 1028.)

"We do not understand that the appellate courts of this state, or this court, is vested with power to grant new trials merely for the purpose of relieving a party of hardship resulting from some defect in the record, even though he is chargeable with no omission of duty or negligence whatever. On appeals or writs of error these courts sit merely for the purpose of reviewing the record upon errors properly assigned, and reverse and remand cases to be retried only when it is shown that error was committed in the former trial. The rule contended for does not address itself to our sense of justice. All presumptions are in favor of the fairness, impartiality, and regularity of the proceedings of the trial court. The party in whose favor the judgment has been rendered is on appeal or writ of error entitled to the benefit of those presumptions, and yet this rule deprives him of his judgment, and sends him back to the trial court to re-establish his claim, because, as is said, his adversary has been, without his fault, deprived of the means of pointing out

errors which are said to have been committed on the former trial." (*Alley v. McCabe,* 147 Ill. 410, 35 N. E. 615.)

"It would be a dangerous rule to hold that a loss of some of the records in a particular case was a good and sufficient reason for granting a new trial. The statutes do not authorize it, and the court should not open the gate to a new field for prolonging litigation." (*Peterson v. Lundquist,* 106 Minn. 339, 119 N. W. 50.)

"It is incumbent on appellant to show error and we know of no rule which permits us to presume that defendant did not have a fair trial because a portion of the record upon her appeal has been destroyed without fault of either party." (*People v. Botkin,* 9 Cal. App. 244, 98 Pac. 861.)

There can be no distinction between civil and criminal cases in this regard.

Idaho constitution, art. 5, sec. 9, provides: "The supreme court shall have jurisdiction to review, upon appeal, any decision of the district courts, or the judges thereof. The supreme court shall also have original jurisdiction to issue writs of mandamus, *certiorari,* prohibition, and *habeas corpus,* and all writs necessary or proper to the complete exercise of its appellate jurisdiction."

Id., art. 5, sec. 13, provides: " . . . . the legislature shall provide a proper system of appeals and regulate by law, when necessary, the methods of proceeding in the exercise of their powers of all the courts below the supreme court, so far as the same may be done without conflict with this constitution."

In *Re Neil,* 12 Ida. 749, 87 Pac. 881, this court said: "Both the constitution and statute guarantee to him [the defendant] the right of appeal from any judgment of conviction rendered and entered against him." And in *Weiser Irr. Dist. v. Middle Valley etc. Co.,* 28 Ida. 548, at 552, 155 Pac. 484, 485: "We believe it will at once be admitted that the right to appeal at law is and always has been purely statutory, and that the legislature may prescribe in what cases, under what circumstances and from what courts appeals may be taken."

*State v. Ricks, supra,* quotes the sentence from *In re Neil* quoted just above and also states: "The appellate jurisdiction of this court is limited to reviewing upon appeal the decisions of the district courts or the judges thereof."

The expressions quoted from *In re Neil* and *State v. Ricks, supra,* seem to be in conflict with the expression quoted from *Weiser Irr. Dist. v. Middle Valley etc. Co., supra.* The conflict, however, is apparent rather than real. Considering constitution, art. 5, sec. 9, and art. 5, sec. 13, and their proper relation to each other, it is clear that the right of appeal, can be exercised only through the channels, and in the method, provided by the legislature.

Touching the power of this court on appeal, C. S., sec. 9086, provides: "The court may reverse, affirm, or modify the judgment or order appealed from, and may set aside, affirm or modify any or all of the proceedings subsequent to, or dependent upon, such judgment or order, and may, if proper, order a new trial."

In *State v. Ricks, supra,* it is held that the power to grant a new trial, conferred by that section, is dependent upon a reversal of the judgment upon a review thereof on appeal; also that the right of appeal, of which one convicted of crime in a district court may avail himself, is a right to call on the exercise of such powers as this court possesses to review, upon appeal, the decisions of the district courts or judges thereof.

The method of appealing and supplying the record is committed to the legislature. In *Boise-Payette Lumber Co. v. McCarthy,* 31 Ida. 305, 170 Pac. 920, this court said:

"A proper system of appeals, under art. 5, sec. 13, of the state constitution, includes not only the character of the record to be used upon appeal, but also the questions which may be raised by the record.

"The constitution has committed to the legislature, and not to the courts, the task of prescribing what the record on appeal shall contain and the method by which it shall be prepared and authenticated."

The provision of Idaho constitution, art. 5, sec. 13, giving this court original jurisdiction to issue any writ necessary to

the exercise of its appellate jurisdiction gives it power to compel compliance with the statutory method of appeal, wherever possible. We do not agree with the view of the Wyoming court that, as a necessary incident to this power, goes the implied power to reverse the judgment when the method of supplying the record provided by statute is ineffective.

The judgment is presumed to be valid in the absence of a showing to the contrary.

"All presumptions are in favor of the regularity of the proceedings of courts of record, and in the absence of any showing to establish the fact as to whether or not the court has complied with the requirements of law in course of the trial, the presumption will at once arise that the law has been complied with." (*State v. Suttles,* 13 Ida. 88, 88 Pac. 238.)

The appellate power of this court is to review any decision of the district court (constitution, art. 5, sec. 9), and to reverse, affirm, or modify the same. (C. S., sec. 9086.) This necessarily implies error committed by the court below. Such error must be made to appear to this court. Otherwise, the presumption is in favor of the validity of the judgment and the fairness of the trial. In the absence of a showing of error, there is nothing calling for the exercise of our power to reverse the judgment on appeal. Certainly the loss of the transcript was not due to any error in the proceedings below. It is argued that appellants have a constitutional right to be heard on the facts. They have a constitutional right to be heard in this court through the system of appeal provided by the legislature. The method of obtaining and presenting the record of the trial below is purely statutory. The fact that this method fails in the present case because of the death of the reporter does not result in depriving appellants of any constitutional right. The machinery provided by the legislature becomes ineffective in such case, but this does not affect the constitutional question. Nor does it follow that the appellants are deprived of their liberty without due process of law. They are entitled to a

hearing in this court, but only by the method and through the machinery provided by statute. If that method turns out to be ineffective in this case because of the death of the reporter this does not deprive them of due process nor constitute ground for reversing the judgment.

In many cases the machinery provided by law may prove inadequate to meet all emergencies. If new evidence is discovered after the statutory time for granting a new trial on that ground has elapsed, the judicial machinery provided is insufficient for that particular emergency. It is conceivable that hardship might result, but no court would on that ground usurp the power to reverse the judgment and grant a new trial. The defendant would be remitted to his remedy before the Pardon Board. So in this case that remedy obtains. The Pardon Board can require the defendants to make a showing that they were not rightly convicted, whereas this court is asked to act blindly, without any showing, and in face of the presumption of regularity.

Much is said in appellants' brief about the practical results which may follow a decision of this case one way or the other. It is argued that a great injustice will be perpetrated if the appellants were not given a fair trial below. If their rights were violated on the trial, it would have been possible for them to have presented at least some of the more important questions by a bill of exceptions, if, instead of asking us to grant them a new trial because of the loss of the transcript, they and their counsel had attempted to prepare a bill of exceptions when they first learned of its loss. On the other hand, if the contrary view be held, and court records are destroyed by fire or other disaster, all judgments must be reversed in cases where the destruction occurred before the time to appeal had elapsed. This would result in many obvious miscarriages of justice.

We conclude that no ground is shown for reversing the judgment of the lower court. Accordingly it is affirmed.

Rice, C. J., and Dunn, J., concur.

BUDGE, J.—I am of the opinion that the appeal in this case should have been dismissed upon the state's motion. However, the majority of the court, entertained a different view. The result would have been the same. I therefore concur in the conclusions reached.

LEE, J., Dissenting in Part.—I dissent from that part of the majority opinion which holds that this court is without jurisdiction to grant any relief to a defendant convicted of crime, on appeal from such judgment of conviction, where, without fault on his part, he is prevented from obtaining a transcript of the oral proceedings had at the trial below. It is conceded that appellants were prevented from obtaining a transcript by reason of the death of the court reporter, and that there is now no way in which such transcript can be obtained. They contend that they had a right to rely upon the reporter's transcript, this being the only instrumentality provided by law for taking and preserving a record of the oral proceedings at the trial, and that this instrumentality having failed by reason of the death of the reporter—that is, the intervention of an act of God, which made it impossible for them to obtain a record of the oral proceedings had at the trial, upon which this conviction is based—that the judgment should be vacated and a new trial awarded, so that the questions presented by such record may be reviewed on appeal to this court.

The majority opinion holds that this appeal should not be dismissed because of the failure of defendants to present the same upon a bill of exceptions, where such failure was caused by the death of the reporter, and then holds that for the want of such record this court is without power to afford them any relief from the judgment of conviction below. This is "but to keep the word of promise to the ear and break it to the hope." If the right of appeal rests upon such an uncertain foundation, then this right, guaranteed by the constitution, is but a broken reed.

C. S., secs. 6556–6561, provide for the appointment of a stenographic reporter in each judicial district, who is required to take the oath prescribed for judicial officers, to give a bond for the faithful performance of his duties, to report all oral proceedings in said court, unless the same be waived, and file such stenographic report with the clerk of said court, and in criminal cases, to furnish a typewritten copy upon request.

In *State v. Ricks*, 32 Ida. 232, 180 Pac. 257, 13 A. L. R. 99, this court said: "It has been shown to this court, by sufficient proof, that no transcript of the deceased reporter's notes has been or can be made, and it has also been shown that appellants have at all times since the trial made diligent efforts to obtain a transcript, but have failed through no fault of theirs . . . . that a party or his attorney is justified in relying upon the stenographic reporter for a transcript of the oral proceedings of a trial, is, in our opinion, the correct view to be taken."

In *Fischer v. Davis*, 24 Ida. 216, 133 Pac. 910, this court, speaking through Chief Justice Ailshie, said: "It is a well-settled rule of law that litigants or parties dealing with public officers are not chargeable with the delays, mistakes, negligence or inaction of such officers, and that they cannot be deprived of any legal right by the negligence, delay or refusal to act on the part of such officers, provided they do the things required to be done by them personally."

In *Re Neil*, 12 Ida. 749, 87 Pac. 881, it is said: "Both the constitution and statute guarantee to him [defendant] the right of appeal from any judgment of conviction rendered and entered against him. (Const., art. 5, sec. 9.) This right of appeal is in no respect dependent upon the guilt or innocence of the defendant. One guilty beyond all question of doubt is guaranteed the same right of appeal as if he were absolutely innocent."

C. S., sec. 6511 (R. C., sec. 3925), provides that: "When jurisdiction is, by this code, or by any other statute, conferred on a court or judicial officer all the means necessary

to carry it into effect are also given; and in the exercise of the jurisdiction if the course of proceedings be not specially pointed out by this code, or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code."

The better reason and the very great weight of authority sustain appellants' contention that where a party has been deprived of his exceptions without fault on his part, he is entitled to a new trial. The authorities make no distinction between civil and criminal cases, and upon principle there would seem to be none, nevertheless, the right to life and liberty must always be regarded as a more sacred right than a property right.

The cases relied upon by the majority opinion are *Dumbarton Realty Co. v. Erickson*, 143 Iowa, 677, 136 Am. St. 778, 21 Ann. Cas. 258, 120 N. W. 1025, *Alley v. McCabe*, 147 Ill. 410, 35 N. E. 615, and *Peterson v. Lundquist*, 106 Minn. 339, 119 N. W. 50. These are all civil actions, based upon facts entirely unlike the case at bar, and are not convincing authority. In the Iowa case, the court says: "It remains an open question whether a court of equity may not, in the exercise of its general equity powers, order a new trial when the record of the evidence has been wholly lost without fault of the party applying, and it is not within the power of such party, or of the court upon his application, to restore or substitute the lost record."

In the Illinois case the court found that the appellant had not shown due diligence to obtain a bill of exceptions, and the trial judge having died more than a year after the testimony was taken, the court refused to settle the bill or reverse the case. In the Minnesota case the court said: "We need not stop to consider just what authority the trial court would possess in a case of this kind respecting the settlement of a case or bill of exceptions from the best sources at hand, for no effort was made to so proceed in this case."

The authorities in support of the contrary doctrine are so numerous and from so many jurisdictions that it would be

impractical to cite them all, and I will refer only to the leading cases, and those where the constitutional and statutory provisions pertaining to appeals are analogous to our own.

In *Hume v. Bowie*, 148 U. S. 245, 13 Sup. Ct. 582, 37 L. ed. 438, that court, speaking through Chief Justice Fuller, said: ''Where a party, without laches on his part, loses the benefit of his exceptions through the death or illness of a judge, a new trial will be granted.''

In *Borrowscale v. Bosworth*, 98 Mass. 34, it is said: ''We can have no doubt that where a party has regularly taken exceptions in a cause, and has lost the benefit of them without fault of his own, a new trial can be granted.''

In *Crittenden v. Schermerhorn*, 35 Mich. 370, Chief Justice Cooley says: ''Where a party has lost the benefit of his exceptions from causes beyond his control, it is proper to give him a new trial.''

In a note to *Bailey v. United States*, 3 Okl. Cr. 175, 104 Pac. 917, in 25 L. R. A., N. S., at page 860, the annotator states that the weight of authority supports this rule, reviewing the authorities at great length; and at page 867 he cites the authorities which hold that appellant is entitled to a new trial for a failure to obtain a bill of exceptions by reason of the death or default of the official reporter. (*Curran v. Wilcox*, 10 Neb. 449, 6 N. W. 672; *Holland v. Chicago, B. & Q. R. R. Co.*, 52 Neb. 100, 71 N. W. 989; *Mathews v. Mulford*, 53 Neb. 252, 73 N. W. 661; *Barton v. Burbank*, 119 La. 224, 43 So. 1014; *State ex rel. Downing v. Gaslin*, 32 Neb. 291, 49 N. W. 353.)

In a note to *Richardson v. State*, 15 Wyo. 465, 89 Pac. 1027, in 12 Ann. Cas. 1048, the annotator, at page 1056, states the rule as here given and says that it is supported by the weight of authority, and gives the citations arranged in the order of the jurisdictions from which they are taken. He also reviews the cases adopting the minority rule, and points out that such decisions are all based upon some excep-

tional provision found in the constitution or statutes of these jurisdictions.

In *Richardson v. State, supra,* Chief Justice Potter also gives an extensive citation of authorities, many of which are also cited in *State v. Ricks, supra.*

The following citations refer only to state cases, and are given because if any distinction should be made in the application of this rule, it should be applied with greater force to criminal cases: *State v. Bess,* 31 La. Ann. 191; *State v. Weiskittle,* 61 Md. 48; *People v. Judge,* 40 Mich. 630; *People v. Judge,* 41 Mich. 726, 49 N. W. 925; *Gaiter v. State,* 45 Miss. 441; *State v. Reed,* 67 Mo. 36; *State v. McCarver,* 113 Mo. 602, 20 S. W. 1058; *State v. Powers,* 10 N. C. 376; *Bryans v. State,* 29 Tex. App. 247, 15 S. W. 288; *Martin v. State* (Tex. App.), 16 S. W. 749; *Prieto v. State,* 35 Tex. Cr. 69, 31 S. W. 665; *Ham v. State* (Tex. Cr. App.), 42 S. W. 295.

While it is a correct rule of law that presumptions are in favor of the regularity of the proceedings of a court of record, and ordinarily the burden is upon appellant to show error before a reversal can be had, this rule has no application to an appeal where the appellant is prevented from obtaining a record without fault on his part, and solely by reason of an act of God or some other unavoidable circumstance, whereby the instrumentality provided by law for taking and preserving this record has failed. Where the right of appeal is guaranteed by the constitution, such right does not depend for its existence on there being error in the record. (*Zweibel v. Caldwell,* 72 Neb. 47, 99 N. W. 843, 102 N. W. 84.)

Article 5, section 9, of the constitution provides that "the supreme court shall have jurisdiction to review upon appeal any decision of the district court or the judges thereof," and C. S., sec. 9068, provides that "An appeal may be taken by defendant (1) from a final judgment of conviction." In *Re Neil, supra,* it is held that this right is not dependent upon the guilt or innocence of the defendant.

Defendants have been convicted of a grave offense. The means provided by law, which in ordinary cases are sufficient to enable them to exercise their constitutional right of appeal, have failed through the intervention of Providence, and it is neither in accord with justice, reason or authority to say that under these conditions this constitutional right should be denied them. To uphold this right merely results in the evidence being again taken, and supplies a record which cannot be otherwise obtained.

For the reasons herein stated and upon the authorities herein referred to, the judgment should be reversed and a new trial granted.

(November 1, 1921.)

### ON PETITION FOR REHEARING.

McCARTHY, J.—In a petition for rehearing, counsel for appellants insist that the principle in criminal cases is different from that in civil cases. No reason for a distinction is pointed out by them nor in any of the decisions cited. None is made by the constitution or statutes. The court has no more power in one class than in the other. In both, its power and duty are to reverse the decision of the district court only for prejudicial error. The presumption of regularity applies with equal force in both. It is true that a successful litigant in a civil case has a species of property right in his judgment, and that the state has no property right in the judgment in a criminal case. It by no means follows that the state has no right. On the contrary, it has a right to insist that such a judgment be enforced unless shown to be erroneous and unjust. This right far transcends mere property rights, being based upon the fundamental principles which underlie the exercise of the police power for the protection of society from crime.

In *Richardson v. State,* 15 Wyo. 465, 12 Ann. Cas. 1048, 89 Pac. 1027, perhaps the leading case relied upon by appellants, the attorney general and appellant's counsel stip-

ulated that certain errors had been committed by the district court. In the instant cases appellants have made no showing of error whatever. They have not even pointed out the errors which they claim were committed. They have not even made a showing that it was impossible, without the reporter's transcript, for them to present the points upon which they relied. In the absence of any showing that they were wronged by the judgment, and that they could not present their points to this court without the transcript, there is no reason for reversing the judgment. (*Galbraith v. Barnard*, 21 Or. 67, 26 Pac. 1110; *Shute v. Big Meadows Inv. Co.* (Nev.), 198 Pac. 227; *Bingman v. Clark*, 178 Iowa, 1129, 159 N. W. 172.) Counsel state that the right to appeal does not depend upon a showing of error. The right to appeal does not necessarily carry with it the right to a reversal. The right to a reversal does depend upon a showing of error, and appellants have made none. Justice does not require that a litigant should be permitted to take advantage of the mere circumstance that the reporter's transcript is lost. Yet that is just what these appellants are trying to do, so far as the showing to this court goes.

In their petition for rehearing, appellants ask this court to permit the record to be substituted by calling before the district judge, who tried the case, all of the witnesses who testified, and retaking the testimony. Under our constitution, the method of appeal, including the preparation of the record, is statutory. The statutes of this state do not provide for such a method of preparing the record as that suggested. It would not be a substitution of the former record, but the making of a new one. Then, too, the steps for obtaining the record must be initiated in the lower court. Incidentally, if appellants could remember what occurred on the former trial well enough to retake the testimony, it would seem that they could have presented to this court a record of the points upon which they relied, if they had tried to do so, instead of relying entirely upon the contention that the loss of the transcript of itself gave them an absolute right to a reversal of the judgment.

The petition for rehearing of the above-named appellants, and each of them, is denied.

Dunn, J., concurs.

BUDGE, J.—I adhere to my views heretofore expressed and therefore concur.

Rice, C. J., and Lee, J., dissent.