(June 2, 1922.)

STATE, Respondent, v. HENRY HALVERSON, Appellant.

[207 Pac. 327.]

CRIMINAL CASE—APPEAL—FAILURE TO FILE TRANSCRIPT WITHIN TIME
PRESCRIBED BY STATUTE—WHEN GROUND FOR DISMISSAL.

1. Under C. S., secs. 9079 and 9013, lapse of time in filing a
transcript on appeal in a criminal case is not jurisdictional, and it
rests in the discretion of the court to dismiss the appeal or en-
large the time for filing the transcript.

2. When the transcript is not filed in the time prescribed by
C. S., sec. 9077, no extension has been obtained, and no explana-
tion is made of the delay, the appeal should be dismissed.

APPEAL from the District Court of the Fourth Judicial
District, for Cassia County. Hon. Wm. A. Babcock, Judge.

Appeal from judgment of conviction of murder of the
second degree. Motion to dismiss. *Granted.*

S. T. Lowe, for Appellant.

Roy L. Black, Attorney General, and James L. Boone,
Assistant, for Respondent.

Counsel file no briefs.

McCARTHY, J.—Respondent has moved to dismiss the
appeal on the ground that no reporter's transcript, clerk's
transcript, bill of exceptions, or other record of the trial of
the action has been served on respondent or filed in this
court within the time prescribed by law. On an appeal of
a criminal case the transcript must be filed within 40 days
from the taking of the appeal unless further time is given
by the district court or by a member of the supreme court.
(C. S., sec. 9077.) If the transcript is not filed within said
time the court may dismiss the appeal unless for good
cause it enlarges the time for that purpose. (C. S., sec.
9079.)

"Lapse of time in filing a transcript on appeal in a criminal case is not jurisdictional, and it rests in the discretion of the court to dismiss the appeal or enlarge the time for filing the transcript." (*State v. Ricks et al.*, 34 Ida. 122, 201 Pac. 827.)

The judgment was entered April 8, 1919. The appeal was taken October 7, 1919. December 5, 1919, appellant's attorney applied to this court for an order granting an extension of 60 days to file and serve the transcript. The records of this court do not show that any action was taken on this application by the court or a justice thereof. No subsequent application was made. On April 10, 1922, respondent served, and on April 11th filed in this court, the motion to dismiss, which was set for hearing and appellant's counsel notified. No showing has been made by appellant explaining the delay in filing the transcript or failure to obtain an extension of time. Appellant's counsel did not appeal on the hearing of the motion to dismiss. It would seem that the appeal has been abandoned. In any event, more than 20 times the length of time prescribed by the statute has elapsed, the transcript has not been served or filed, and no explanation is made of the delay. We conclude that under these circumstances the discretion vested in us by sec. 9079 should be exercised by dismissing the appeal.

The motion to dismiss is granted.

Rice, C. J., and Dunn and Lee, JJ., concur.