(July 5, 1923.)

## STATE, Respondent, v. JOE CHACON, Appellant.

[216 Pac. 725.]

CRIMINAL LAW—ENTRAPMENT—EVIDENCE—TENDER OF TESTIMONY—CONDUCT OF CRIMINAL TRIALS—INSTRUCTIONS.

1. The accused shall be allowed reasonable latitude in presenting whatever facts and circumstances he claims constitute the entrapment, but each and every question propounded, in an effort to establish an entrapment, is subject to the ordinary rules as to admissibility.

2. When a witness testifies to a portion of a conversation that took place at the time of the arrest of a defendant, any error committed by the court in disallowing the witness, on cross-examination, to relate the entire conversation, is ordinarily cured by permitting the entire conversation to be related by the witness, at a later stage of the trial.

3. Where the question propounded made apparent the answer that would have been given, upon sustaining an objection to the question, it is not necessary to make a tender of what is intended to be established by the answer; for, when the question shows its purpose, the court is thereby enabled to rule on its admissibility.

4. Trial courts, especially in criminal trials, in the furtherance of justice, should be reasonably lenient in permitting counsel for defendant to make offers or tenders of what is intended to be established in response to the question to which the court has sustained objections.

5. In the absence of evidence of an entrapment, it is not error to refuse to give a requested instruction as to the law relating to entrapment. An instruction, which sets forth an abstract question of law, is properly refused, even though it constitutes a correct statement of the law.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Publisher's Note.

1. Entrapment to commit crime with view of prosecution therefor, see note in 18 A. L. R. 146.

Defendant was convicted of having intoxicating liquor in his possession. *Affirmed.*

Anderson & Jeffery, for Appellant.

All evidence tending to prove that the defendant was entrapped into the commission of the offense in question was admissible. (*Salt Lake City v. Robinson,* 40 Utah, 448, 125 Pac. 667.)

The defendant was entrapped into the commission of the alleged offense, and the court should have given defendant's requested instruction No. 1, or some similar instructions. (*State v. McCornish,* 59 Utah, 58, 201 Pac. 637; *People v. Braisted,* 13 Colo. App. 532, 58 Pac. 532, citing *Conner v. People,* 18 Colo. 373, 36 Am. St. 295, 35 Pac. 159, 25 L. R. A. 341; *People v. Wilcox,* 17 Colo. App. 109, 67 Pac. 343; *Ford v. City of Denver,* 10 Colo. App. 500, 51 Pac. 1015; *State v. Mantis,* 32 Ida. 724, 187 Pac. 268.)

The defendant had the right to put his proffered evidence into the record to the end that this court might review the action of the district court in excluding same. (38 Cyc. 1329 et seq., and note 83.)

The verdict and judgment are invalid and void because the information was not signed by the prosecuting attorney prior to the time the state closed its case, and then without order of court. (*State v. Beddo,* 22 Utah, 432, 63 Pac. 96; 22 Cyc. 279.)

Roy L. Black, Attorney General, and Jas. L. Boone, Assistant, for Respondent.

The question of competency of evidence is one for the court. (16 C. J., sec. 2290, p. 929.)

It is not error to refuse an instruction which lays down an abstract proposition of law, although correctly stating the law. (*People v. Finley,* 286 Ill. 368, 121 N. E. 608; *Conley v. State,* 15 Okl. Crim. 531, 179 Pac. 480; *Regan v. State,* 84 Tex. Crim. 468, 208 S. W. 523; *People v. Karpovich,* 288 Ill. 268, 123 N. E. 324; *People v. Adams,* 289 Ill. 339, 124 N. E. 575; *Welch v. State* (Okl. Crim.), 185 Pac.

119; *State v. Cessna,* 170 Iowa, 726, 153 N. W. 194; *State v. Anselmo,* 46 Utah, 137, 148 Pac. 1071.)

WM. E. LEE, J.—This is an appeal from a judgment of conviction for a violation of the prohibition laws of the state.

Defendant was tried and convicted upon an information charging him with having intoxicating liquor in his possession. From the record it appears that on the evening of October 18, 1921, Sheriff Mabey and two of his deputies, a short distance from Pocatello, saw two men, one riding a horse and the other driving a truck, going up a gulch; the officers waited and soon they saw one man coming down the gulch, carrying a keg. The man carrying the keg, who was the defendant, was arrested. The contents of the keg proved to be "moonshine" whiskey, containing more than fifty per cent of alcohol. The defendant admitted the possession of the liquor, claiming that his companion had hired him to take the liquor and hide it in another place.

Appellant assigns nine specifications of error, all except one of which relate to the question of entrapment.

Appellant strenuously insists that the crime would not have been committed had he not been entrapped into taking the moonshine liquor into his possession, and that the trial court committed reversible error in not permitting him to prove entrapment.

Under a plea of not guilty, evidence tending to establish entrapment may be offered by a defendant and, if not otherwise objectionable, the same should be admitted. The accused should be allowed a reasonable latitude in presenting whatever facts and circumstances he claims constitute the entrapment, but each and every question propounded, in an attempt to show entrapment, is subject to the ordinary rules as to its admissibility. It is therefore necessary to determine if the court committed reversible error in sustaining objections to any of the questions propounded on behalf of appellant, as claimed in the specifications of error.

According to the testimony of appellant, it appears that one Chapman was the companion of appellant in going to the place where the liquor was secured and was the owner of the liquor. Appellant was arrested a short distance from the truck in which he had made the trip and toward which he was going at the time of the arrest. Upon the cross-examination of the sheriff, who had testified upon direct examination to statements made by appellant and himself at the time of the arrest, appellant sought to elicit from the sheriff the entire conversation, upon the theory that appellant had a right to put before the jury the entire conversation. Objection was made and sustained. Later on in the same cross-examination, however, the court permitted the sheriff to give the conversation. Any error committed by the court in originally sustaining an objection to this conversation, was cured by the later admission of the testimony. In rebuttal the sheriff was asked by the prosecution to relate the entire conversation, and the appellant made an objection, which was sustained by the court. There is, therefore, no merit in this contention.

Appellant insists that he was trying to prove certain facts and circumstances tending to establish entrapment by the witness Tupper, and at folios 150, 151 and 161, he sought to have admitted in evidence a criminal complaint, issued out of the court of Mr. Tupper, a justice of the peace. It is not shown who was charged in the criminal complaint and no reason is assigned why it should have been admitted. Presuming that it was a complaint charging Chapman with the commission of an offense, it was issued long before the arrest of appellant. Mr. Tupper did not know whether a warrant had ever been issued on the complaint and he did not know whether the sheriff had ever held a warrant for Chapman's arrest. The sheriff testified that he had never held a warrant for Chapman's arrest. The fact that there had been filed in the court of Mr. Tupper a criminal complaint charging someone, even Chapman, with an offense, would not constitute any evidence of an entrapment, in view of the admission by Mr. Tupper that he did not

even know that any warrant had ever been issued on the complaint. The circumstance was very remote, and it is difficult to see where appellant was prejudiced on account of the failure to admit the complaint, but, not having the complaint before us, we cannot say that the court committed error in excluding it from the jury.

Appellant complains of the refusal of the court to permit the introduction of evidence to the effect that prior to the arrest of appellant, Chapman had been in hiding and that subsequent to the appellant's arrest Chapman came out of his hiding and was in the courtroom during the trial. The mere fact, if it was a fact, that Chapman came out of hiding about the time of appellant's arrest and thereafter was seen on the streets of Pocatello constitutes a very remote circumstance in connection with an effort to establish entrapment. Many different inferences could have been drawn from such a circumstance, not at all related to a plan to entrap appellant. It was not corroborative of any other testimony and was not connected up with anything else appellant proved or sought to prove. There was no evidence offered and no question was propounded the answer to which would reasonably tend to create an inference that the sheriff and Chapman ever had any arrangement for entrapping defendant. The sheriff was not asked any questions along this line. The one other person able to testify whether or not any arrangement existed to entrap appellant into the commission of the crime was Chapman. Despite the statements and suggestions of counsel for appellant at the trial that Chapman was in the courtroom while the trial was in progress, no effort was made to have him testify. If any testimony had been admitted, or if any other admissible evidence had been offered, tending to show an entrapment, to which the public appearance of Chapman in Pocatello in any manner related, then the evidence should have been admitted. But, standing alone, we cannot say that the appearance of Mr. Chapman in Pocatello or elsewhere, subsequent to the arrest of appellant, had any reasonable bearing upon the questions

at issue, and we cannot say that the trial court erred in rejecting the evidence.

There is no merit in appellant's seventh assignment, which is that the court erred in refusing to permit appellant to show that Chapman had never been arrested. While the court originally excluded such evidence, later on the court permitted the sheriff to testify that he had neither filed a complaint against Chapman nor arrested him, giving as his reason that he had never caught Chapman with any liquor.

The foregoing disposes of the specifications relating to the refusal of the court to admit the testimony appellant claims should have gone to the jury.

Appellant admits that his evidence is insufficient to show entrapment, but he claims that the court erred in refusing to permit him to make tender of what he intended or desired to prove. It seems to be the general rule that when the court sustains an objection to a question propounded to a party's own witness, where the purpose of the question is not apparent, an offer should be made of what the party intends to prove by the answer of the witness. In this case, the questions made apparent the answer that would have been given. It was therefore not necessary that an offer or tender be made; for when the question shows its purpose and enables the court to rule on its admissibility, it is not necessary to make a tender. It would seem, however, that trial courts should be somewhat lenient in permitting counsel to make offers or tenders of what is intended to be established in response to the questions to which the court has sustained objections.

Appellant complains of the refusal of the court to give to the jury the requested instruction covering the law relating to the question of entrapment. In the absence of evidence of an entrapment, it was not error to refuse the requested instruction. The statute requires that the "court must state to the jury all matters of law necessary for their information." An instruction, which sets forth an abstract question of law, is properly refused, even though it constitutes a correct statement of the law.

"As the very purpose of instructions is to aid the jury in arriving at a proper verdict in the case, the jury should be informed in clear, plain and concise terms as to the law which is applicable to the particular case under consideration, and it is improper and erroneous for a court to give instructions to the jury which are not applicable to the case in any of its phases but which are mere abstract statements of the law. This rule holds good although the instructions contain correct statements in this respect, for the jury is not concerned with what the law may be generally, but only with that very small portion of it which must govern the particular matters under consideration. It is then the plain duty of a trial court to refrain from giving abstract instructions of its own motion, or at the request of either party." (14 R. C. L. 782.)

Following his conviction, appellant made and filed a motion in arrest of judgment upon the ground that the information was not signed by the prosecuting attorney until after the trial had commenced. Appellant now complains of the action of the court in refusing his motion. This question cannot be considered by this court. It is not before the court, in that it is not contained in a bill of exceptions as provided by law. (C. S., secs. 9008 and 9010.) There is nothing whatever before us to enable us to determine whether or not there is any merit in the contention. (*State v. Maguire,* 31 Ida. 24, 169 Pac. 175; *State v. Ricks,* 34 Ida. 122, 201 Pac. 827.)

"All presumptions are in favor of the regularity of the proceedings of courts of record, and in the absence of any showing to establish the fact as to whether or not the court has complied with the requirements of law in course of the trial, the presumption will at once arise that the law has been complied with." (*State v. Suttles,* 13 Ida. 88, 88 Pac. 238; *State v. Ricks,* 34 Ida. 122, 201 Pac. 827.)

Judgment affirmed.

McCarthy and William A. Lee, JJ., concur.